Orlando W. HODGE, Petitioner,

v.

T. W. MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent.

No. 14903.

United States Court of Appeals Seventh Circuit.

Dec. 30, 1964.

Certiorari Denied March 1, 1965.

See 85 S.Ct. 931.

Holland C. Capper, Chicago, Ill., for petitioner.

Richard P. Stein, U. S. Atty., Indianapolis, Ind., for respondent.

Before DUFFY and KNOCH, Circuit Judges, and MAJOR, Senior Judge.

PER CURIAM.

On November 27, 1964, petitioner filed with the Clerk of this Court, a pleading entitled "Emergency Application for a Writ of Habeas Corpus."

The petition sets forth that on November 18, 1955, petitioner commenced serving a 3 to 9 year sentence in a United States penitentiary, which sentence was imposed for violation of federal narcotic laws; that after six years of confinement, he was mandatorily released pursuant to 18 U.S.C. §§ 4162, 4164, having served his full term less time earned for good behavior. Pursuant to § 4164, he was placed on parole for the remainder of the maximum 9-year term, less 180 days. Plaintiff further alleges that on June 29, 1963, he was arrested in Columbus, Ohio, for alleged parole violation, and that his parole was revoked and he is presently confined in the United States penitentiary at Terre Haute, Indiana.

Petitioner's contention is that as his term commenced on November 18, 1955, and his maximum 9-year sentence expired November 17, 1964, that he was entitled to be released from confinement on the latter date. Petitioner urges that his present confinement is unlawful and in violation of the Constitution and laws of the United States.

The petition was addressed to this Court and not to an individual member thereof as contemplated by 28 U.S.C. § 2241(a).

There is pending in this Court, Appeal No. 14563, Orlando W. Hodge v. T. W. Markley, Warden, etc. Oral argument in that appeal was held on October 15, 1964, by a panel of this Court consisting of Duffy, Knoch and Major, Circuit Judges. The opinion in that case is now being prepared and it is expected that it will be handed down in the near future.

One of the issues raised in that appeal is that the parole act properly construed does not authorize incarceration past the expiration date of the maximum sentence, and that in no event can petitioner be retained in custody after November 17, 1964.

 At an early date, it was held that a Circuit Court of Appeals [1] cannot issue the writ of habeas corpus as an "independent and original proceeding challenging in toto the validity of a judgment rendered in another court." Whitney v. Dick, 202 U.S. 132, 26 S.Ct. 584, 50 L.Ed. 963. It is doubtful that this Court has any right to pass on the pending petition for a writ of habeas corpus. However, in Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, it was held that a United States Court of Appeals has the power to issue a writ of habeas corpus as an incident to an appeal pending before it. As Appeal No. 14563, Hodge v. Markley, is pending before us, and the question raised in the instant petition will be there decided,

1. Now known as United States Court of Appeals.

### ORDER

It is ordered, that the emergency petition for a writ of habeas corpus filed by petitioner in this Court on November 27, 1964, be and the same is hereby

Denied.