PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

OLGENS DRAGENICE,
            *Petitioner-Appellant,*

v.

TOM RIDGE, Secretary of the
Department of Homeland Security,
            *Respondent-Appellee.*

No. 03-6717

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-03-570-CCB)

Argued: September 28, 2004

Decided: November 5, 2004

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

───────────────────────────────

Reversed and remanded by published opinion. Judge Niemeyer wrote the opinion, in which Judge Traxler and Judge Shedd joined.

───────────────────────────────

## COUNSEL

**ARGUED:** Brian Eugene Bowcut, ARNOLD & PORTER, L.L.P., Washington, D.C., for Petitioner. Bryan Stuart Beier, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent. **ON BRIEF:** Robert S. Litt, Emily N. Glatfelter, ARNOLD & PORTER, L.L.P., Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General,

Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Michele Y. F. Sarko, Attorney, UNITED STATES DEPARTMENT OF JUS-TICE, Office of Immigration Litigation, Washington, D.C., for Respondent.

**OPINION**

NIEMEYER, Circuit Judge:

Olgens Dragenice, a native and citizen of Haiti who is being detained by the Secretary of Homeland Security for removal to Haiti pursuant to a final order of the Board of Immigration Appeals, challenges this court's jurisdiction to decide his petition for a writ of habeas corpus. Dragenice filed his petition in the district court, and that court transferred it to this court under 28 U.S.C. § 1631. Alternatively, Dragenice urges this court to convert his habeas petition, which asserts that he is a national of the United States and therefore not deportable, into a petition under 8 U.S.C. § 1252(a)(1) for review of the Board of Immigration Appeals' final order of removal.

Section 1631 of Title 28, under which the district court transferred Dragenice's habeas petition to this court, requires that the district court find, among other things, (1) that it lacks jurisdiction and (2) that this court is one in which the habeas petition could originally have been filed. Because neither requirement is satisfied in this case, we reverse the order of transfer and remand Dragenice's habeas petition to the district court for further proceedings.

I

Dragenice entered the United States on April 12, 1996, as a lawful permanent resident. Four years later, he was convicted in Maryland state court of robbery with a dangerous and deadly weapon, theft involving an amount under $300, and second degree assault. The Maryland court sentenced Dragenice to three years' imprisonment.

Following his convictions, the Immigration and Naturalization Service, now the Department of Homeland Security ("DHS"), served

Dragenice with a "Notice to Appear," charging that he is subject to removal from the United States under 8 U.S.C. § 1227(a)(2)(A)(i) because he is an alien convicted of a qualifying crime involving moral turpitude; under 8 U.S.C. § 1227(a)(2)(A)(iii) because he is an alien convicted of an aggravated felony; and under 8 U.S.C. § 1227(a)(2)(C) because he is an alien convicted of a firearms offense. In the Notice to Appear, the DHS alleged that Dragenice was "not a citizen or national of the United States" and that he was "a native of Haiti and a citizen of Haiti."

During the course of three hearings, the Immigration Judge determined that Dragenice was deportable based on the facts admitted by him. Dragenice testified, however, that he feared being returned to Haiti because he would be tortured and incarcerated on an indefinite basis because, among other things, he had committed crimes in the United States. The Immigration Judge invited Dragenice to file an application for withholding of removal and for relief under the Convention Against Torture, which Dragenice filed in December 2001. In his application, Dragenice filled in the box for "Present Nationality (*Citizenship*)," stating that he was "Haitian," and in the box for "Nationality at Birth," stating that he was "Haitian." He also stated as part of his employment history that he was in the "U.S. Army Reserve, Walter Reed Medical Center" from March 1999 to September 2000.

Following a fourth hearing before the Immigration Judge, during which Dragenice agreed that he was a native and citizen of Haiti and that he was not a citizen of the United States, the Immigration Judge found, in a written opinion, that Dragenice did not dispute the factual allegations about his nationality and citizenship contained in the DHS' Notice to Appear. Based on the admitted facts in this case, the Immigration Judge denied Dragenice's application for removal and for relief under the Convention Against Torture, ordering that he be "removed and deported to Haiti."

Dragenice filed a timely appeal to the Board of Immigration Appeals ("BIA"), alleging as his reason for appeal that the Immigration Judge failed "cautiously" to analyze the evidence which established a "likelihood of torture at the hands of government officials upon [his] return to Haiti." In his brief in support of his appeal, filed six months after his notice of appeal, Dragenice raised for the first

time the additional argument that he was a "national of the United States" and therefore not subject to deportation even if he had committed an aggravated felony. He argued that because he swore allegiance to the United States to become a member of the U.S. Army Reserve — in the form specified in 10 U.S.C. § 502[1] — he is a national of the United States.

Before the BIA ruled on Dragenice's appeal, Dragenice filed a petition in the district court for a writ of habeas corpus under 28 U.S.C. § 2241. In his petition he alleged that he was being detained in a "local jail or detention center" by the Attorney General of the United States (now the Secretary of Homeland Security) pending deportation from the United States and that his detention for deportation was unlawful because he was not an alien, as described in 8 U.S.C. § 1227. Rather, as he alleged, he was a national of the United States, having voluntarily enlisted in the U.S. Army Reserve and taken an oath of allegiance to the United States for that purpose. He stated that he was still a member of the U.S. Army Reserve and has not been discharged from his "sworn duty." The Secretary filed a motion to dismiss Dragenice's habeas petition, contending that Dragenice had not exhausted his administrative remedies and that the district court did not, in any event, have jurisdiction to determine an issue of nationality in the context of a removal proceeding, citing 8 U.S.C. § 1252(b)(5), which provides that such nationality claims may be reviewed in the first instance only by the courts of appeals. The district court agreed with the Secretary, concluding that review of Drage-

---

[1]Section 502 of Title 10 provides:

Each person enlisting in an armed force shall take the following oath:

"I, _____, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; and that I will obey the orders of the President of the United States and the orders of the officers appointed over me, according to regulations and the Uniform Code of Military Justice. So help me God."

This oath may be taken before any commissioned officer of any armed force.

nice's nationality claim in the context of his removal order must receive initial review in a court of appeals. Rather than dismissing Dragenice's habeas petition, however, the district court elected to transfer the case to this court under the authority of 28 U.S.C. § 1631.

After Dragenice's habeas petition was transferred to this court, the BIA entered an order dated April 30, 2003, affirming without opinion the decision of the Immigration Judge and declaring it to be "the final agency determination." After Dragenice filed a motion to reopen and reconsider, the BIA entered a second order dated October 17, 2003, denying Dragenice's motion. In its second order, the BIA stated:

> The respondent also again argues that he is a national of the United States. The respondent has not presented an error in our previous decision regarding this issue. Moreover, even considering the respondent's arguments in his motion to reconsider, he has not established that he acquired United States nationality under the means provided by the Immigration and Nationality Act.

Dragenice did not appeal either of the BIA's orders by filing a petition for review in this court as provided by 8 U.S.C. § 1252. This court thus has before it only Dragenice's petition for habeas corpus filed in the district court and transferred to this court.

II

Dragenice contends that the district court improperly applied 28 U.S.C. § 1631 to transfer his § 2241 habeas petition to this court because the district court erroneously concluded that it did not have jurisdiction over his petition. He argues, relying on *INS v. St. Cyr*, 533 U.S. 289 (2001), that the district court misconstrued 8 U.S.C. § 1252(b)(5) in holding that that provision eliminated the district court's general habeas jurisdiction when the habeas claim involves the issue of nationality. Alternatively, Dragenice urges us to treat his habeas petition, as now lodged in this court, as a petition under 8 U.S.C. § 1252(a)(1) for direct review of the DHS' removal order, which was entered after he filed his habeas petition in the district court.

The Secretary agrees that we are without jurisdiction, but the Secretary argues that a petition for review of the BIA's determination of Dragenice's nationality must be obtained by filing a direct petition for review in this court under 8 U.S.C. § 1252(a)(1) within 30 days of the DHS' final order of removal. The Secretary notes that Dragenice never filed a petition for review, electing rather to file his habeas petition before his DHS proceedings had been exhausted. Thus, the Secretary summarizes:

> [A]t the time that he filed his district court petition, he was not yet subject to a final order of removal which this Court could have reviewed. Hence, this Court should find it lacks jurisdiction over this case because the habeas petition challenging petitioner's removal proceedings based on his nationality claim was prematurely filed because petitioner had not then exhausted his administrative remedies.

> Furthermore, even if petitioner could have somehow cured his untimely filed habeas petition by subsequently moving to amend it within the 30 days after the Board's decision was filed to include review of that decision, he failed to do so. Nor did he file an independent timely petition for review of either the Board's final removal orders of April 30, 2003, or October 17, 2003.

Alternatively, the Secretary contends that the Immigration and Nationality Act ("INA"), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), "explicitly provides that a petitioner may have his nationality claim 'decided only as provided' in . . . 8 U.S.C. § 1252(b)(5)(C)" and that a "petitioner's nationality claim has to be brought in the Court of Appeals in the first instance." Even though § 1252(a)(2)(C) denies an alien the right of review when the alien is being removed on the ground of having been convicted of certain crimes and the court of appeals therefore would lack jurisdiction to review his petition, the Secretary contends that we would have jurisdiction to review Dragenice's nationality claim because we would have to determine our own jurisdiction in the first instance. In this case, the Secretary concedes,

we would ultimately have to dismiss the petition for review under § 1252(a)(2)(C).

We thus have the unusual circumstance in which both parties claim that the district court erred in applying 28 U.S.C. § 1631 to transfer Dragenice's habeas petition to this court, but they rely on different rationales. Dragenice maintains that the transfer was improper because the district court had habeas jurisdiction, and the government maintains transfer was improper because this court lacks jurisdiction for procedural reasons.

Section 1631 provides that whenever a district court finds that it is without jurisdiction over an action, it must, "if it is in the interest of justice," transfer the action before it to any other district court or court of appeals "in which the action . . . could have been brought." Thus, if the district court were to find a transfer in the interest of justice, it would have to conclude that (1) it was *without* jurisdiction and (2) the transferee court was a court in which the action *could have originally been brought. See* 28 U.S.C. § 1631.[2]

We begin with the question of whether the district court had jurisdiction over Dragenice's habeas claim brought under 28 U.S.C. § 2241. Dragenice alleged that the Secretary was detaining him in Maryland in a local detention center pending deportation and that his detention was "unlawful," explaining that because he took the oath of office to enter the U.S. Army Reserve, swearing allegiance to the United States, he was a "'national' of the United States" and that

---

[2]Section 1631 of Title 28 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

"only aliens can be removed." He concluded his petition by stating that the DHS "lacks authority to deport petitioner because he is a national of the United States and because they cannot deport a member of the United States military," and he demanded "immediate release from detention."

The district court concluded that it was without jurisdiction to entertain Dragenice's petition because its resolution would involve determining Dragenice's nationality in the context of a removal order, an issue committed in the first instance to the courts of appeals by 8 U.S.C. § 1252(b)(5). By implication, the district court held that the INA as amended in 1996 by the AEDPA, Pub. L. No. 104-132, 110 Stat. 1214, and IIRIRA, Pub. L. No. 104-208, 110 Stat. 3009, stripped the district court of jurisdiction to decide such a question.

Habeas jurisdiction is conferred on district courts by 28 U.S.C. § 2241, and the jurisdictional prerequisite is the filing of an application in which the petitioner claims that he is being detained unlawfully in the jurisdiction of the district court. The district court's jurisdiction on habeas is "independent" of related proceedings, *Fay v. Noia*, 372 U.S. 391, 422-24, 423 n.32 (1963), and "[t]he jurisdictional prerequisite is . . . detention *simpliciter*," *id.* at 430; *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody" and that the "function of the writ is to secure release from illegal custody").

But this is not to say that because a district court has habeas jurisdiction it must reach the merits of an alleged unlawful detention and may not apply judicially created restraints. For example, at the point in time when the district court was considering Dragenice's petition, Dragenice was party to an administrative proceeding that would address the very issue he was raising collaterally in his habeas petition. That alone would have entitled the district court to dismiss his petition as premature and not exhausted. *See, e.g.*, *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (noting that "habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge *prior to a judgment of conviction*" (emphasis added) (quoting *Ex parte Royall*, 117 U.S. 241, 253 (1886))). Similarly, if the petitioner had lost previ-

ously on the issue presented in the habeas proceeding or had failed to avail himself of the process afforded to him in the earlier proceeding to have the issue decided, habeas would not lie to review the prior judgment. When a petitioner has had "a fair opportunity to present his federal claims to a federal forum" some binding effect is appropriate to preclude "a series of endless postconviction collateral attacks. . . . For this reason, we have long and consistently affirmed that a collateral challenge [by a habeas proceeding] may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 164-65 (1982). These and other similar defenses requiring dismissal, however, are not jurisdictional. *See, e.g.*, *Bousley v. United States*, 523 U.S. 614, 621 (1998) (noting that the doctrine of procedural default is a "procedural hurdle" to considering the merits of a habeas petition); *Strickland v. Washington*, 466 U.S. 668, 684 (1984) (noting that "the exhaustion rule requiring dismissal . . . is not jurisdictional"); *Fay*, 372 U.S. at 425-26 (same).

In this case, Dragenice alleged the prerequisites for the district court's jurisdiction over his application — that he was being unlawfully detained within the district of Maryland. Accordingly, unless some other statute deprived the district court of jurisdiction to consider Dragenice's habeas petition, the court had the power to entertain the petition in the first instance and dispose of it.

The district court apparently did believe that another statute deprived it of habeas jurisdiction, concluding that the INA, in effect, stripped the district court of habeas jurisdiction because the habeas claim involved a "nationality claim[ ] in the context of [a] removal order[ ]," which 8 U.S.C. § 1252(b)(5) channeled in the first instance to the courts of appeals. This conclusion, however, misapprehends the Supreme Court's holding in *INS v. St. Cyr*, 533 U.S. 289 (2001), which addressed the issue of whether the INA stripped district courts of habeas jurisdiction.

In *St. Cyr*, the Supreme Court rejected the INS' contention that the 1996 amendments to the INA, 8 U.S.C. §§ 1252(a)(1), 1252(a)(2)(C), and 1252(b)(9), "stripped the courts of [habeas] jurisdiction" to consider a discrete question of law relating to a petitioner's removal. 533 U.S. at 298. As the Supreme Court observed, before the 1996 amendments, district courts had authority to decide such a habeas petition,

and any construction of the statutes to withdraw that authority would raise "a serious Suspension Clause issue." *Id.* at 305. Indeed, "[t]he writ of habeas corpus has always been available to review the legality of Executive detention." *Id.* Acknowledging that Congress provided for consolidation under 8 U.S.C. § 1252(b) of avenues for "judicial review" of removal orders in the courts of appeals, the Court distinguished "judicial review" from habeas jurisdiction to imply that the distinction between the two, coupled with the INA's insufficient clarity to bar habeas jurisdiction, might leave habeas jurisdiction as it had been exercised before the 1996 amendments to the INA. *See id.* at 311-13. But the Court did not specifically resolve whether a statutory scheme providing judicial review in the courts of appeals could bar habeas jurisdiction *when such review is available*. In *St. Cyr*, the petitioner was denied such judicial review under § 1252(a)(2)(C) because he had been convicted of drug trafficking, a qualifying crime. Accordingly, the Supreme Court held:

> If it were clear that the question of law could be answered *in another judicial forum*, it might be permissible to accept the INS' reading of § 1252. But *the absence of such a forum*, coupled with the lack of a clear, unambiguous, and express statement of congressional intent to preclude judicial consideration on habeas of such an important question of law, strongly counsels against adopting a construction that would raise serious constitutional questions. Accordingly, we conclude that habeas jurisdiction under § 2241 was not repealed by the [1996 amendments made] by AEDPA and IIRIRA.

*Id.* at 314 (footnote and citation omitted) (emphasis added).

The district court in this case sought to distinguish *St. Cyr* based on the *St. Cyr* Court's statement that § 1252(b)(9) "by its own terms does not bar habeas jurisdiction over removal orders *not* subject to judicial review under § 1252(a)(1)" (emphasis in original) (quoting *St. Cyr*, 533 U.S. at 313) (internal quotation marks omitted). Taking that quotation to suggest that when the INA *does* provide access to a judicial forum through direct review, habeas jurisdiction might be barred, the district court concluded that § 1252(b)(5) barred habeas jurisdiction in this case. In doing so, the court failed to recognize that Drage-

nice likely does not have access to judicial review under § 1252(b)(5), just as the petitioner did not in *St. Cyr*, because Dragenice's deportation is grounded on his commission of a qualifying crime. *See* 8 U.S.C. § 1252(a)(2)(C) ("Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a [qualifying] criminal offense").

The Secretary argues, despite the limitation contained in § 1252(a)(2)(C), that Dragenice did have access to judicial review. Specifically, the Secretary contends, by channeling the resolution of *nationality* issues to the courts of appeals, sections 1252(a)(1) and 1252(b)(5) give the courts of appeals jurisdiction in the first instance over *all* nationality claims and that it is then that the courts of appeals decide their own jurisdiction under § 1252(a)(2)(C). But surely, had Dragenice filed a petition for review from the DHS' final order of removal, we would have been required to deny that we have jurisdiction to review that order in view of the limitation contained in § 1252(a)(2)(C). *See Ramtulla v. Ashcroft*, 301 F.3d 202, 203 (4th Cir. 2002) (observing that under § 1252(a)(2)(C), we have jurisdiction "only to review factual determinations that trigger the jurisdiction-stripping provision" (citing *Calcano-Martinez v. INS*, 533 U.S. 348, 350 n.2 (2001))). Although that process would enable us to decide the *jurisdictional* issue, it would not have enabled us to decide Dragenice's *nationality* claim. Because § 1252(a)(2)(C) denies judicial review when the alien has committed a qualifying crime, there is no other judicial forum to review his nationality claim, and habeas review must remain available. *See Calcano-Martinez*, 533 U.S. at 351; *Olatunji v. Ashcroft*, ___ F.3d ___, No. 00-6650, slip op. at 3-6 (4th Cir. October 19, 2004).

Accordingly, we conclude that the district court erred in finding that it did not have habeas jurisdiction as a basis to transfer Dragenice's habeas petition to this court under 28 U.S.C. § 1631.

## III

The transfer statute also requires that the transferee court — in this case this court — is a court in which the habeas petition could have been brought at the time it was filed. 28 U.S.C. § 1631. Although nei-

ther party challenges the jurisdiction of this court to entertain a habeas petition, we nonetheless conclude, *sua sponte*, that a habeas petition could not have been filed in this court and that § 1631 was not fulfilled also for this reason.

Section 2241 of Title 28, on which Dragenice relied to file his habeas petition, does not confer authority on this court to entertain his petition. Although the statute confers habeas jurisdiction on "the Supreme Court" and "the district courts," it does not similarly confer jurisdiction on "courts of appeals." Rather it confers jurisdiction on "any *circuit judge* within their respective jurisdictions." 28 U.S.C. § 2241(a) (emphasis added). This statutory language has uniformly been construed to mean that, while a *single circuit judge* may entertain a habeas petition, *courts of appeals* may not. *See, e.g.*, *Matter of Mackin*, 668 F.2d 122, 137 (2d Cir. 1981); *Parker v. Sigler*, 419 F.2d 827, 828 (8th Cir. 1969); *Hodge v. Markley*, 339 F.2d 1013, 1014 (7th Cir. 1965).

Accordingly, the requirement of § 1631 that a case be transferred to a *court* in which it could have been brought is not satisfied in this case, and we have no jurisdiction over Dragenice's habeas petition for any other purpose, including Dragenice's request that we convert his habeas petition to a petition for review of the DHS' removal order.

IV

For the reasons given, we reverse the district court's transfer order and remand Dragenice's habeas petition to the district court for further proceedings.

*REVERSED AND REMANDED*