**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-1556**

———————————

MOHAMED OSMAN,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals. (A78-617-055)

———————————

Submitted: December 13, 2004          Decided: January 6, 2005

———————————

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Ivan Yacub, LAW OFFICE OF IVAN YACUB, Falls Church, Virginia, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Douglas E. Ginsburg, Senior Litigation Counsel, Jonathan F. Potter, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mohamed Osman, a native and citizen of Somalia, petitions for review of an order of the Board of Immigration Appeals (Board). The Board order affirmed without opinion the results of the immigration judge's decision. We deny the petition for review.

Osman concedes that his asylum application was untimely, with no showing of changed or extraordinary circumstances excusing the late filing. See 8 U.S.C. § 1158(a)(2)(B), (D) (2000); 8 C.F.R. § 1208.4(a)(4), (5) (2004). In any case, we lack jurisdiction to review the immigration judge's finding that Osman's asylum application was untimely filed pursuant to 8 U.S.C. § 1158(a)(3). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases). Osman's claim that this Court can review the timeliness ruling as a habeas corpus claim, 28 U.S.C. § 2241 (2000), lacks merit, as Osman has not applied for habeas corpus relief. See 28 U.S.C. § 2242 (2000). Further, this court does not have jurisdiction to entertain a § 2241 application. Dragenice v. Ridge, 389 F.3d 92, 100 (4th Cir. 2004) (holding § 2241 does not confer authority on the court of appeals to entertain a habeas petition). Therefore, we lack jurisdiction to review the merits of Osman's asylum claim.

We do, however, retain jurisdiction to consider the denial of Osman's request for withholding of removal. See 8 C.F.R. § 1208.4(a) (2004). To be eligible for withholding of removal

- 2 -

under 8 U.S.C. § 1231(b)(3)(A) (2000), an alien must show that it is more likely than not that, if he is removed to his native country, his life or freedom would be threatened. Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). Based on our review of the record, we find substantial evidence to support the immigration judge's finding that Osman has failed to meet this standard.

Accordingly, we deny Osman's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED