**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1867

VATCHE GARABED,

Petitioner,

versus

UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
WARDEN, Dorchester Detention Center; ALBERTO
R. GONZALES, Attorney General,

Respondents.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A31-318-676)

Submitted: January 19, 2007      Decided: February 13, 2007

Before WIDENER, WILLIAMS, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ivan Yacub, Falls Church, Virginia, for Petitioner. Rod J.
Rosenstein, United States Attorney, Larry D. Adams, Assistant
United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Baltimore, Maryland, for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vatche Garabed, a native and citizen of Syria, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of his motion to reopen immigration proceedings. We review a denial of a motion to reopen for abuse of discretion, and we will reverse only if the denial is "arbitrary, capricious, or contrary to law." Barry v. Gonzales, 445 F.3d 741, 744-45 (4th Cir. 2006).

When an alien has been ordered removed in absentia, a motion to reopen immigration proceedings must be filed within 180 days of entry of the order of removal, unless the alien demonstrates (1) exceptional circumstances, (2) that he did not receive notice of the proceedings, or (3) that he was in federal or state custody and that his failure to appear was due to no fault of his own. 8 U.S.C. § 1229a(b)(5)(C). Garabed's motion to reopen was filed three and one-half years after the final order of removal was entered. Garabed now concedes that his motion to reopen was untimely but asserts that timeliness is not preserved for our review due to the Government's failure to raise it before the BIA.

We are unpersuaded by Garabed's argument. Given the broad powers of the BIA to conduct a de novo review of the entire record, Cordoba-Chaves v. INS, 946 F.2d 1244, 1249 (7th Cir. 1991), its denial of Garabed's appeal based on timeliness was proper and constitutes a basis for denying Garabed's petition for review here.

2

<u>Ngarurih v. Ashcroft</u>, 371 F.3d 182, 188 (4th Cir. 2004) ("Where . . . the BIA did not adopt the IJ's opinion but offered its own reasons for denying relief, we review the BIA's order. . . ."). Accordingly, we conclude that the BIA did not abuse its discretion when it affirmed the denial of Garabed's motion to reopen. We deny Garabed's motion for leave to proceed in forma pauperis and deny his petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.[*]

<u>PETITION DENIED</u>

---

[*]The Government contends that we lack jurisdiction to consider Garabed's petition for review. We reject this argument for the reasons expressed in <u>Dragenice v. Ridge</u>, 389 F.3d 92, 98 (4th Cir. 2004).