**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6622**

ALBERT CHARLES BURGESS, JR.,

             Petitioner - Appellant,

     v.

ANGELA DUNBAR, Warden,

             Respondent - Appellee.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:13-hc-02177-BO)

Submitted:  September 28, 2015       Decided:  October 8, 2015

Before KING, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Albert  Charles  Burgess,  Jr.,  Appellant  Pro  Se.    Michael
Bredenberg,  Special  Assistant  United  States  Attorney,  Thomas
Gray  Walker,  OFFICE  OF  THE  UNITED  STATES  ATTORNEY,  Raleigh,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Charles Burgess, Jr., a federal prisoner, appeals from the district court's orders granting summary judgment to Respondent and denying relief on his 28 U.S.C. § 2241 (2012) petition challenging a prison disciplinary conviction and denying his motion to reconsider, confining his appeal to the district court's grant of summary judgment to Respondent on the basis that any claim for a due process violation in this case was without merit. We affirm.

This court reviews de novo a district court's award of summary judgment. Woollard v. Gallagher, 712 F.3d 865, 873 (4th Cir. 2013). An award of summary judgment is appropriate "only if the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Additionally, this court may affirm on any ground presented in the record, even if it was not the basis on which the district court relied in awarding summary judgment. Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002).

Because Burgess's disciplinary conviction resulted in the loss of good-conduct credit, he was entitled to the following for the minimum requirements of procedural due process to be satisfied: (1) written notice of the claimed violation at least 24 hours prior to the disciplinary hearing; (2) a written statement by the adjudicator as to the evidence relied upon and the reasons for the disciplinary action; and (3) the right to call witnesses and present evidence, when doing so would not be "unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974).

We conclude after review of the record that the district court did not reversibly err in granting summary judgment to Respondent. Burgess did not claim a denial of written notice of the claimed disciplinary violation or a failure to provide him with a written statement by the adjudicator as to the evidence relied upon and the reasons for the disciplinary action taken against him. Additionally, given Burgess's lack of evidence regarding: the witnesses he would have called at the disciplinary hearing, the content of their testimony, and the nature of any non-testimonial evidence he would have presented, his claim challenging Respondent's alleged denial of his right to call witnesses and present evidence provides no basis for vacating the district court's judgment. See Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997) (noting that the

3

"prerequisite" to issuance of a writ of habeas corpus is a showing of prejudice as a result of an alleged constitutional violation).

Accordingly, although we grant leave to proceed in forma pauperis, we affirm the district court's orders. Burgess v. Dunbar, No. 5:13-hc-02177-BO (E.D.N.C. Dec. 16, 2014 & Apr. 1, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4