**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6332**

OSIEL RODRIGUEZ,

Petitioner - Appellant,

v.

CHARLES RATLEDGE,

Respondent - Appellee.

**No. 17-6301**

OSIEL RODRIGUEZ,

Petitioner - Appellant,

v.

CHARLES RATLEDGE,

Respondent - Appellee.

Appeals from the United States District Court for the Western District of Virginia, at Roanoke. Norman K. Moon, Senior District Judge. (7:15-cv-00082-NKM-RSB; 7:15-cv-00684-NKM-RSB)

Argued: September 12, 2017                          Decided: November 29, 2017

Before NIEMEYER, DUNCAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Michael Randolph Shebelskie, HUNTON & WILLIAMS LLP, Richmond, Virginia, for Appellant. Joseph W.H. Mott, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee. **ON BRIEF:** William H. Wright, Jr., HUNTON & WILLIAMS LLP, Richmond, Virginia, for Appellant. Rick A. Mountcastle, Acting United States Attorney, Mitchell A. Hanson, Third Year Law Intern, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Osiel Rodriguez filed two petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that prison disciplinary proceedings violated his due process rights and challenging his transfer from United States Penitentiary, Lee County, to a maximum security facility. The district court granted summary judgment in favor of Appellee, Warden Christopher Zych, on the grounds that Rodriguez failed to exhaust his administrative remedies prior to filing his first habeas petition and that Rodriguez's second petition challenging his transfer did not constitute a cognizable or actionable due process violation. Rodriguez appeals, arguing that his failure to exhaust administrative remedies should be excused, that his habeas petitions are cognizable, and that his due process rights were violated. We hold that although Rodriguez's failure to exhaust is excusable, his cognizable claims do not constitute a due process violation. For the foregoing reason, we affirm the district court's grant of summary judgment.

I.

Osiel Rodriguez is a federal inmate. While incarcerated in United States Penitentiary, Lee County ("USP Lee"), Rodriguez was charged with two disciplinary code violations—attempted escape and attempted introduction of narcotics. The charges were memorialized in an incident report dated November 19, 2014 ("incident report"). The incident report accused Rodriguez of planning to escape from USP Lee by assuming the identity of another inmate, Marcos Ramos, who was to be released to the Bureau of Immigration and Customs Enforcement. The incident report also alleged that Rodriguez

3

propositioned Ramos to purchase Suboxone, a narcotic pain reliever, from a drug store in Mexico on Rodriguez's behalf.

Rodriguez appeared at a disciplinary hearing ("first hearing") before a Disciplinary Hearing Officer (DHO). Rodriguez was found guilty of attempted introduction of narcotics, but the attempted escape charge was dismissed. At the hearing, the presiding DHO sanctioned Rodriguez to 30 days of disciplinary segregation, six months without phone privileges, six months' suspension of visitation rights, and 41 days' disallowance of good conduct time.

After the hearing, but before any formal report on the hearing was issued, the DHO noticed a typographical error in the initial incident report. The DHO believed the error substantively changed the incident report such that the report had not provided Rodriguez adequate notice of the charges that were heard during the first hearing and that the report did not support the charges against him. Consequently, the DHO requested that the incident report be rewritten and that a rehearing be held on the charges.[1] The first hearing was never memorialized in a formal DHO after-hearing report ("DHO Report"), though the penalties were noted in Rodriguez's disciplinary record.

The revised version of the incident report went beyond remedying the typographical error. Information was added detailing the ways in which Rodriguez's

_____

[1] The parties dispute the circumstances surrounding the incident report revisions and rehearing. Rodriguez argues the revision of the incident report was a pretext used to justify a rehearing, whereas the government asserts the revisions were necessary to ensure the conduct described in the incident report supported the charges against Rodriguez.

4

conduct showed an intent to escape from USP Lee. A rehearing of the charges with a new DHO was scheduled for January 30, 2015 ("second hearing"). At the second hearing, based on the revised incident report, the new DHO reached the opposite conclusion of the first: that Rodriguez committed an attempted escape but not an attempted introduction of narcotics. The DHO imposed the same penalties levied at the first hearing, however, including disallowance of 41 days of good conduct time.

Rodriguez filed a pro se habeas corpus petition on February 25, 2015, under 28 U.S.C. § 2241 ("first petition"). He asserted that the second hearing was collaterally estopped by the findings of the first hearing and that the attempted escape charge from the second hearing violated his due process rights. Rodriguez did not file an administrative appeal prior to filing his habeas petition, claiming he was unable to do so because the presiding DHO was delaying in providing him with the formal DHO report from the second hearing. Pursuant to Bureau of Prison (BOP) policy, Rodriguez filed unsuccessful appeals with the BOP Regional Director and General Counsel after the DHO report was received.

On August 3, 2015, Rodriguez was notified that he was being referred for a transfer hearing regarding a possible transfer to United States Penitentiary, Administrative Maximum Facility—a maximum security facility located in Florence, Colorado ("ADX Florence"). The notice listed Rodriguez's attempted escape from USP Lee and two prior escape attempts from other BOP facilities as grounds for the transfer hearing. After the transfer hearing, Rodriguez was recommended for transfer to ADX Florence. In December 2015 Rodriguez filed a second 28 U.S.C. § 2241 pro se habeas

5

petition ("second petition") challenging his transfer. Rodriguez claimed the transfer order to ADX Florence violated his right to due process because it was based in part on his second hearing, which was collaterally estopped by the findings of the first hearing and constitutionally problematic. Rodriguez exhausted all administrative remedies regarding his transfer to ADX Florence prior to filing his second petition.

On February 11, 2016, the district court granted summary judgment on Rodriguez's first petition in favor of the government. The district court held that Rodriguez failed to exhaust administrative remedies prior to filing his habeas petition, that he failed to state an actionable due process violation, and that any potential due process violations were not prejudicial. On February 23, 2017, the district court granted summary judgment in the government's favor on Rodriguez's second petition, holding that Rodriguez had not alleged a proper § 2241 habeas claim and that even construed as a civil rights complaint, Rodriguez failed to demonstrate that his transfer to ADX Florence implicated a protected liberty interest. Rodriguez timely appealed both determinations, which were consolidated into a single appeal.

## II.

We review denials of habeas corpus relief de novo. *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). Summary judgment is appropriate when no genuine issue of material fact is in dispute and the moving party is entitled to judgment as a matter of law. *United States v. Leak*, 123 F.3d 787, 794 (4th Cir. 1997). Evidence is evaluated in the light most favorable to the non-moving party. *Id.*

6

III.

Prior to hearing a § 2241 petition, federal courts require exhaustion of alternative remedies, including administrative appeals. *See e.g.*, *Boumediene v. Bush*, 553 U.S. 723, 793 (2008); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010). The exhaustion requirement is a prudential restraint, not a statutory requirement. *Dragenice v. Ridge*, 389 F.3d 92, 98 (4th Cir. 2004). It allows agencies to exercise autonomy and discretion and prevents premature judicial intervention. *Darby v. Kemp*, 957 F.2d 145, 147 (4th Cir. 1992), *rev'd on other grounds sub nom. Darby v. Cisneros*, 509 U.S. 137 (1993).

Rodriguez failed to exhaust his administrative remedies prior to filing his first habeas petition but argues his subsequent exhaustion cures his premature filing. We agree. Failure to exhaust administrative remedies typically results in dismissal without prejudice, in order to allow the refiling of an action once the administrative process is complete. *See Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011*)*; *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005). Though he did not exhaust administrative remedies before filing his first habeas petition, Rodriguez exhausted the administrative process prior to the district court's grant of summary judgment. Because Rodriguez exhausted his administrative remedies, the district court's grant of summary judgment did not further the practical considerations underlying the exhaustion

requirement. Rather than dismissing Rodriguez's claim as premature and requiring an unnecessary refiling, we will consider the prudential exhaustion requirement satisfied.[2]

IV.

We next turn to consider whether Rodriguez's claims challenging his deprivation of earned good conduct time and transfer to ADX Florence are cognizable as § 2241 petitions.

Section 2241 habeas petitions are appropriate when an inmate seeks to challenge "the very fact or duration of his physical imprisonment." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). This Court has not directly addressed whether a § 2241 petition may also be used to challenge conditions of confinement or whether such challenges must be brought as civil rights actions under 42 U.S.C. § 1983 or *Bivens*. *See* 42 U.S.C. § 1983 (providing civil remedy for deprivation of rights under color of law); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (establishing the validity of actions for damages when a federal officer acting under the color of federal authority violates plaintiff's constitutional rights). Nonetheless, courts have generally held that a § 1983 suit or a *Bivens* action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not. *See Braddy v.*

---

[2] This is consistent with this Court's approach in *Dragenice*, 389 F.3d at 98. In *Dragenice,* the habeas petitioner had not exhausted his administrative remedies when he filed his petition, though he subsequently exhausted other avenues of relief. *Id.* at 96. Although dismissal of detainee's habeas petition would have been appropriate, this Court determined that the district court had jurisdiction. *Id.* at 100.

*Wilson*, 580 F. App'x 172, 173 (4th Cir. 2014) (deciding that when petitioner alleged constitutional violations "regarding only the conditions of his confinement" not the fact or duration of his sentence, his claims were properly brought under *Bivens*); *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005) (holding that filing a § 2241 challenge to a condition of confinement was improper). *But see Aamer v. Obama*, 742 F.3d 1023, 1032 (D.C. Cir. 2014) ("[O]ne in custody may challenge the conditions of his confinement in a [§ 2241] petition . . . .").

Here, Rodriguez argues his habeas petitions challenging his deprivation of earned good conduct time and transfer to ADX Florence are both cognizable pursuant to 28 U.S.C. § 2241. The government contends that only Rodriguez's deprivation of good conduct time is cognizable under 28 U.S.C. § 2241. We agree with the government. Rodriguez's deprivation of good conduct time is a cognizable § 2241 claim, because this petition challenges the duration of his confinement as impacted by the disallowance of his earned good conduct time. *See Preiser*, 411 U.S. at 500. Conversely, Rodriguez's transfer to ADX Florence is not a cognizable § 2241 claim, because this petition challenges the conditions of his confinement, not its fact or duration.[3]

---

[3] This Court has authority to sua sponte consider Rodriguez's challenge to his transfer as a *Bivens* civil rights claim. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (construing petitioners' premature habeas claim as an actionable 42 U.S.C. § 1983 petition); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (construing pro se petitions liberally). However, Rodriguez seeks a reversal of his transfer, whereas *Bivens* provides relief in the form of damages. *Bivens*, 403 U.S. at 397. Moreover, his claim fails even construed as a *Bivens* complaint. Inmates do not have "a liberty interest in avoiding transfer," *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005), unless the transfer would impose an "atypical and significant hardship" compared to the general prison (Continued)

9

V.

We now consider the merits of Rodriguez's § 2241 petition challenging his loss of good conduct time—his only cognizable claim. A § 2241 petition for a writ of habeas corpus will be granted where petitioner is in custody "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c), and demonstrates that the alleged violation was prejudicial, *Burgess v. Dunbar*, 628 F. App'x 175, 176 (4th Cir. 2015) (citing *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997)). The Fifth Amendment protects persons from deprivations of "life, liberty or property without due process of law." U.S. CONST. amend. V. Thus, relief may be granted to a petitioner pursuant to § 2241 if petitioner's Fifth Amendment due process rights were violated and the violation was prejudicial.

The government violates an individual's right to due process if it deprives the individual "of 'liberty' . . . interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Incarcerated persons have only "a narrow range of protected liberty interests." *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). Statutes and regulations can create liberty interests

_____

population, *id.* at 223 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The conditions at ADX Florence do not constitute an atypical and significant hardship. *Rezaq v. Nalley*, 677 F.3d 1001, 1014–17 (10th Cir. 2012) (conditions in ADX Florence are not atypical or a significant hardship as placement furthers BOP's legitimate interests, conditions are "substantially similar to conditions experienced in any solitary confinement setting," placement is not indeterminate, and does not increase the duration of confinement). Accordingly, Rodriguez's transfer did not implicate a protected liberty interest and did not violate his due process rights.

when the law or regulation provides "freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483–84 (holding that disciplinary confinement did not implicate a liberty interest despite regulations suggesting it may not be imposed absent significant misconduct).

Rodriguez challenges the constitutionality of the second hearing on the basis that it was not conducted in accordance with BOP regulations. Pursuant to BOP regulations, presiding DHOs have the discretion to "correct mistakes [in disciplinary hearing reports] locally" but do not have the authority to grant re-hearings absent direction from a reviewing official. J.A. 60. Rodriguez argues that the BOP violated his right to due process by contravening its regulations and subjecting him to a second hearing on attempted escape and attempted introduction of controlled substances charges without direction from a reviewing official.

In considering Rodriguez's § 2241 petition challenging the loss of his good conduct time, however, we need not determine whether the BOP violated its regulations or whether the regulations created a protected liberty interest. Even if we assume the second hearing deprived Rodriguez of a liberty interest and constituted a due process violation, the second hearing was not prejudicial because Rodriguez would have forfeited the same good conduct time even if the second hearing had not been conducted. The sanctions levied against Rodriguez after the second hearing were identical to those assessed in the first hearing, including the forfeiture of 41 days of good conduct time, 30

11

days of disciplinary segregation, six months without phone privileges, and six months' suspension of visitation rights.

Rodriguez attempts to establish prejudice by contending that the second hearing vacated the first hearing, such that his loss of good conduct time resulted solely from the second hearing. His argument is unavailing. If the second hearing presents a due process violation, it cannot also have validly vacated the penalties stemming from the first hearing. Thus, Rodriguez's due process challenge to his second hearing provides no basis for vacating the district court's judgment.

## VI.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*