**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7048**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GLEN PLANGE MATTEER, a/k/a Geez,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:07-cr-00155-JFA-10)

Submitted: April 16, 2020                                Decided: April 23, 2020

Before MOTZ, FLOYD, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

C. Rauch Wise, Greenwood, South Carolina, for Appellant. A. Lance Crick, Acting United States Attorney, Kathleen Michelle Stoughton, Assistant United States Attorney, Stacey Denise Haynes, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Glen Plange Matteer, a federal prisoner, appeals the district court's orders denying his then-styled 28 U.S.C. § 2255 (2018) motion and subsequent Fed. R. Civ. P. 59(e) motion. The Government previously moved to dismiss the appeal, arguing that it was untimely and that Matteer could not qualify for a certificate of appealability. In an order entered on December 9, 2019, we denied the Government's motion, finding that the appeal was timely and that a certificate of appealability was not required because Matteer's postconviction motion was more properly construed as a 28 U.S.C. § 2241 (2018) petition.

Inmates seeking § 2241 relief must file the petition in their district of confinement and name their immediate custodian, i.e., the warden of their detention facility, as the respondent. *Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443-44 (2004). Matteer filed his petition in the district court for the District of South Carolina, where he was convicted and sentenced, and named the United States as the respondent. However, Matteer is currently confined in a facility in the Northern District of West Virginia, and, at the time he filed his petition, he was confined in a facility in the Western District of Virginia. Thus, following our December 9, 2019, order, the parties rightly agree that the district court lacked jurisdiction over Matteer's claim.[1] They disagree, however, on the appropriate remedy.

---

[1] The requirement that the petition be filed in the district of confinement is not a subject matter jurisdictional requirement, but a matter of personal jurisdiction or venue, and it may be waived if not timely raised by the respondent. *Kanai*, 638 F.3d at 257-58. Here, the Government first raised the issue in its response brief on appeal. We conclude,

2

Matteer argues that, because this court—not the district court—converted the pleading to a § 2241 petition, the district court never asserted jurisdiction under § 2241. And, he claims, because "any circuit judge" can issue a writ of habeas corpus within its respective jurisdiction, *see* 28 U.S.C. § 2241(a)[2], we should exercise original jurisdiction and decide his claim on the merits. We disagree. The statutory language of § 2241(a) "has uniformly been construed to mean that, while a *single circuit judge* may entertain a habeas petition, *courts of appeals* may not." *Dragenice v. Ridge*, 389 F.3d 92, 100 (4th Cir. 2004). Thus, because Matteer's petition is not directed to a single circuit judge, this provision does not create jurisdiction for this court.

The Government, on the other hand, contends that the case should either be remanded to the District of South Carolina with instructions to transfer the petition to the Northern District of West Virginia or, in the interest of judicial economy, transferred directly to the Northern District of West Virginia. The Government is correct that neither the district court nor this court has jurisdiction to hear Matteer's claim. However, a transfer is only appropriate if it is in the interest of justice, *see* 28 U.S.C. § 1631 (2018), and we leave it to the district court to determine whether it is in the interest of justice here.

---

however, that the Government did not waive the issue because it addressed it at the first available opportunity.

[2] Section § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

3

Accordingly, we deny as moot Matteer's motion to expedite the appeal, vacate the district court's orders, and remand to the district court to determine whether transferring Matteer's motion to the proper district court would serve the interest of justice or whether the action is more appropriately dismissed without prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*