**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-1513**

---

In re:  BILLY G. ASEMANI,

Petitioner.

---

On Petition for a Writ of Habeas Corpus.

---

Submitted:  May 22, 2025                                    Decided:  July 2, 2025

---

Before GREGORY and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Billy G. Asemani, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy G. Asemani, a native and citizen of Iran, is currently incarcerated in state custody and under a detainer for his removal upon completion of his sentence. The final order of removal was entered in 2004. Asemani has now filed a 28 U.S.C. § 2241 petition and motion to stay his removal from the country. We dismiss the petition for lack of jurisdiction.

Pursuant to 8 U.S.C. § 1252(a)(5),

> [n]otwithstanding any other provision of law . . . , including section 2241 of Title 28, or any habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any order of removal.

However, "the petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). "The 30-day deadline is mandatory and jurisdictional and is not subject to equitable tolling." *Martinez v. Garland*, 86 F.4th 561, 567 (4th Cir. 2023) (internal quotation marks omitted). This court may not extend the time to file a petition for review. Fed. R. App. P. 26(b)(2).

Here, Asemani's § 2241 petition was filed in 2025, well after the 30-day period for challenging his 2004 order of removal. We therefore do not have jurisdiction to consider his petition as a petition for review of the removal order. Asemani argues that he is in federal custody for purposes of § 2241 because he is under a detainer for his removal. While Asemani would be in custody for purposes of § 2241, he cannot obtain a review of his 2004 order of removal by filing a § 2241 petition in this court.

2

Moreover, to the extent that Asemani seeks to bring an original § 2241 petition in this court, we lack jurisdiction to adjudicate such a petition. Section 2241(a) provides that "the Supreme Court, any justice thereof, the district courts[,] and any circuit judge" may grant a writ under that section. 28 U.S.C. § 2241(a). Therefore, the statute does not grant courts of appeals the authority to adjudicate § 2241 petitions. *See Dragenice v. Ridge*, 389 F.3d 92, 100 (4th Cir. 2004). To the extent that Asemani seeks adjudication of such a petition by a single circuit judge, he is also not entitled to such relief. "An application for a writ of habeas corpus must be made to the appropriate district court. If made to a circuit judge, the application must be transferred to the appropriate district court." Fed. R. App. P. 22(a). However, transfer to the district court would not be in the interest justice because the district court would lack jurisdiction to adjudicate a habeas petition seeking review of a final order of removal. *See* 8 U.S.C. § 1252(a)(5); *see also* 28 U.S.C. § 1631 (providing for transfer to a court with jurisdiction if it within the interest of justice).

Accordingly, we deny Asemani's motion to stay his removal and dismiss his § 2241 petition for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED*

3