PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GERALD WAYNE TIMMS,

*Petitioner-Appellee,*

v.

TRACY JOHNS, Warden, FCI Butner,

*Respondent-Appellant.*

No. 10-6496

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(5:08-hc-02160-BO)

Argued: September 21, 2010

Decided: December 6, 2010

Before TRAXLER, Chief Judge, and MOTZ and AGEE,
Circuit Judges.

Vacated and remanded with instructions by published opinion. Chief Judge Traxler wrote the opinion, in which Judge Motz and Judge Agee joined.

## COUNSEL

**ARGUED**: Anisha S. Dasgupta, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Kearns Davis, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Tony West, Assistant Attorney General, Beth S. Brinkman, Deputy Assistant Attorney General, Mark B. Stern, Samantha L. Chaifetz, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; George E. B. Holding, United States Attorney, R. A. Renfer, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellant. Andrew T. Tripp, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, Raleigh, North Carolina, for Appellee.

---

## OPINION

TRAXLER, Chief Judge:

This appeal arises out of Gerald Wayne Timms' petition for a writ of habeas corpus under 28 U.S.C.A. § 2241 (West 2006 & Supp. 2010), challenging the government's efforts to commit him civilly as a "sexually dangerous person" under the provisions of 18 U.S.C.A. § 4248 (West Supp. 2010). For the reasons set forth below, we vacate the district court's order granting habeas relief to Timms and remand with instructions to dismiss the § 2241 petition without prejudice.

### I.

### A.

Section 4248 of Title 18 was enacted in July 2006 as a part of the Adam Walsh Child Protection and Safety Act. *See* 18

U.S.C.A. § 4248. As applicable to Timms, it provides for the civil commitment of "sexually dangerous person[s]" in federal custody for care and treatment, following the expiration of their federal prison sentences. 18 U.S.C.A. § 4248(a). A "sexually dangerous person" is defined as one "who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others." 18 U.S.C.A. § 4247(a)(5) (West Supp. 2010). A person is sexually dangerous to others if "the person suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." *Id.*

To initiate a civil commitment proceeding under § 4248, the Attorney General, his designee, or the Director of the Federal Bureau of Prisons ("BOP"), files a certificate in the United States District Court asserting that the person is "sexually dangerous" under the provisions of the Act. 18 U.S.C.A. § 4248(a). This filing automatically stays release of the person from custody pending a mandatory hearing before the district court. *See id.* "If, after the hearing, the court finds by clear and convincing evidence that the person is a sexually dangerous person, the court shall commit the person to the custody of the Attorney General." *Id.* Ongoing psychiatric evaluation and judicial review by the court that ordered the commitment occurs thereafter, including review at the request of the committed person or his legal guardian. *See* 18 U.S.C.A. § 4247(e), (h). The statute expressly preserves the right to habeas corpus. *See* 18 U.S.C.A. § 4247(g).

This court first encountered challenges to the constitutionality of § 4248 in *United States v. Comstock*, 551 F.3d 274 (4th Cir. 2009), *rev'd*, 130 S. Ct. 1949 (2010). In *Comstock*, the BOP certified five respondents in its custody as sexually dangerous under § 4248 and requested evidentiary hearings. The cases were assigned to Judge Earl Britt, Senior District Judge in the Eastern District of North Carolina, who appointed the federal public defender to represent the respon-

dents. However, no evidentiary hearings were held. Instead, Judge Britt granted the respondents' motions to dismiss as a matter of law, on the ground that § 4248 exceeded the scope of Congress's authority under the United States Constitution to enact legislation and, in the alternative, on the ground that the statute facially violated respondents' due process rights. *See United States v. Comstock*, 507 F. Supp. 2d 522, 526, 559 (E.D.N.C. 2007). However, Judge Britt stayed release of the *Comstock* respondents from custody pending an appeal from his decision. *Id.* at 560.

## B.

On October 23, 2008, while Judge Britt's decision in *Comstock* was on appeal to this court, the government filed a certificate in the United States District Court for the Eastern District of North Carolina, seeking to commit petitioner Timms as a "sexually dangerous person" under § 4248. Timms, who had pled guilty in 2001 to receipt of child pornography by mail, *see* 18 U.S.C.A. § 2252A(a)(2) (West 2000 & Supp. 2010), was scheduled to be released from the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner") on November 11, 2008. The § 4248 certificate set forth Timms' criminal history of sexual violence,[1] initial psychological diagnoses of pedophilia, sexual sadism, marijuana abuse, and antisocial personality disorder, and initial risk assessments for sexual offense recidivism which "indicat[ed] that [Timms would] have serious difficulty refraining from sexually violent conduct or child molestation if released"

---

[1]According to the certificate, Timms was convicted in Florida state court for second degree murder when, during consensual sex with a female victim, he produced a knife which he used to cut off the victim's clothing and to cut her abdomen. When the victim began to struggle, he struck her in the chest and throat. Believing that his victim had passed out, Timms proceeded to engage in sexually violent acts against her until he realized that she was dead. Seventeen days later, Timms sexually assaulted an acquaintance of his first victim. Timms was sentenced to 15 years imprisonment for these crimes.

from custody. J.A. 155. The government asked the district court to appoint counsel for Timms, order a psychiatric or psychological examination, *see* 18 U.S.C.A. § 4248(b), and schedule the statutorily-mandated hearing, *see* 18 U.S.C.A. § 4248(a).

The action initiated by the government, referred to herein as the "Commitment Action," was also assigned to Judge Britt. Judge Britt appointed the federal public defender to represent Timms, as requested, but simultaneously and *sua sponte* placed Timms' case in abeyance pending the outcome of the government's appeal of his decision in *Comstock*. The abeyance order reads as follows:

> This court has found [§ 4248] to be unconstitutional in five cases, *United States v. Comstock*, 507 F.Supp.2d 522, 559 (E.D.N.C. 2007), but has also ordered that the respondents in those cases not be released pending the appellate process. . . . Additionally, in other similar cases, the court has stayed briefing on motions to dismiss and the time period for government evaluations pending the appellate process. . . .
>
> For the reasons stated in those orders, the court hereby APPOINTS the Federal Public Defender to represent the respondent, but hereby HOLDS IN ABEYANCE any further action in this matter pending the appellate process in *Comstock*.

J.A. 158. Timms did not object to the order placing the Commitment Action in abeyance, nor did he request that the evidentiary hearing on the issue of his sexual dangerousness proceed under § 4248(a) notwithstanding the appeal in *Comstock*.

On October 26, 2008, three days after the Commitment Action was filed against him, Timms initiated this *pro se*

habeas corpus action against the Warden at FCI-Butner. According to the initial petition, FCI-Butner personnel had informed Timms that he was slated to be placed in the unit that housed "Adam Walsh" commitments upon his scheduled release date. J.A. 9. Obviously aware of the *Comstock* litigation, Timms requested a civil commitment hearing on or before his release date "[s]ince this court has ruled the 'Adam Walsh Act' and comit[ ]ments thereof to be unconstitutional and is now on appeal." J.A. 9; *see also* J.A. 13 (requesting that the court order an immediate civil commitment hearing). Timms also claimed that § 4248 of the Act was unconstitutional under the Ex Post Facto Clause of the United States Constitution. Timms filed his *pro se* habeas action in the Eastern District of North Carolina, but it was assigned to United States District Judge Terrence W. Boyle.[2]

On January 8, 2009, we affirmed Judge Britt's dismissal of the *Comstock* actions on the ground that § 4248 was beyond the scope of Congress's authority to enact legislation under the United States Constitution. *See Comstock*, 551 F.3d at 276. The following day, Timms filed a motion to dismiss the Commitment Action against him "for the reasons provided in [the *Comstock*] opinion affirm[ing] th[e district court's previous judgment that the Bureau of Prisons is holding [Timms] unconstitutionally." J.A. 159. Timms requested that the action against him be dismissed and that he be immediately released from custody. He did not request an evidentiary hearing. The government opposed the motion and requested that the district court continue the stay in Timms' case pending Supreme Court review of our decision in *Comstock*. The United States

---

[2]Although not dispositive of the issues before us, the timing and language of Timms' *pro se* habeas petition indicates that he was not aware that the Commitment Action had been filed when he signed the habeas petition and delivered it for filing with the court. The language of the petition also suggests that he believed he was addressing Judge Britt, who had issued the opinion in *Comstock* and to whom such commitment actions were being assigned at the time.

Supreme Court subsequently granted certiorari review and stayed release of the *Comstock* respondents.

## C.

In late October 2009, while the appeal of our decision in *Comstock* was pending in the United States Supreme Court, Judge Boyle held an initial status conference in Timms' habeas action with counsel for the government and the federal public defender who had been assigned by Judge Britt to represent Timms in the Commitment Action. At the request of the public defender, Judge Boyle appointed private counsel to represent Timms in his habeas action. Approximately two months later, Timms' habeas counsel filed a memorandum with the court, advising Judge Boyle that Timms was requesting his immediate release from custody based upon the *Comstock* decisions *and* requesting that an *evidentiary* hearing on the issue of his "sexual dangerousness" proceed under § 4248:

> Mr. Timms seeks a hearing at which he may challenge the evidence against him. He filed his petition for the writ of habeas corpus in this action to obtain that hearing and other relief. *While he ultimately desires release by any legal means, the procedural distinction between the Commitment Action and this action is secondary for Mr. Timms; he merely wishes to have the hearing to which he is entitled under Section 4248(a).*

J.A. 71 (emphasis added). Habeas counsel advised Judge Boyle that they believed an immediate request should be made on Timms' behalf "in the Commitment Action seeking relief from the stay in order to hold the hearing contemplated by Section 4248 and to have that hearing held before Judge Britt as quickly as possible." J.A. 71. They further advised Judge Boyle that they intended to seek appointment as counsel for Timms in the Commitment Action, in order to pursue relief from the stay, but would pursue habeas relief if the pub-

lic defender failed to withdraw as counsel in the Commitment Action.

On January 8, 2010, habeas counsel filed an amended habeas petition, alleging that § 4248 is unconstitutional both on its face and as applied because Timms was being held beyond his release date without "being afforded an opportunity to hear and challenge the evidence underlying th[e] certification" in the Commitment Action. J.A. 75. In particular, the amended petition alleged that:

> Here, regardless of the cause for the denial of Mr. Timms' hearing – whether a judicially-mandated probable cause hearing . . . or the evidentiary hearing required by Section 4248 – Mr. Timms continues in the custody of the Bureau of Prisons with no end in sight. Regardless of the resolution of the legal questions at issue in *Comstock* and elsewhere, he has been denied the opportunity to establish that no factual basis exists for his treatment under Section 4248. This unending detention by the Executive, free from judicial review, is the exact transgression for which the writ of *habeas corpus* was created. In this instance, in light of these facts, the writ should be granted and Mr. Timms should be released.

J.A. 91. In addition to immediate release, Timms sought a probable cause determination of his sexual dangerousness under § 4248 and a full evidentiary hearing under § 4248 before Judge Boyle, but he did not seek such relief in the Commitment Action before Judge Britt.[3]

---

[3]On December 28, 2009, the federal public defender filed an unopposed motion to withdraw as counsel in the Commitment Action. Later that day, Timms' habeas counsel informed the district court of their efforts to unofficially consolidate the two matters and "have one attorney looking at the issues and bring the issue to Judge Britt." J.A. 99. There is no clear indication in the record as to what occurred between Timms' attorneys in the two actions after that date or why Timms elected to proceed with the habeas action instead of requesting an evidentiary hearing in the Commitment Action.

On March 31, 2010, Judge Boyle granted Timms' habeas petition, without an evidentiary hearing, holding that § 4248 is unconstitutional on its face and as applied to Timms, and ordered the government to immediately release him from custody.[4] The government appealed. We granted an emergency motion to stay Timms' release from custody and expedited briefing and oral argument.

On May 17, 2010, the United States Supreme Court reversed our decision in *Comstock*, holding that the Necessary and Proper Clause authorized Congress to enact § 4248, and remanded the case for consideration of the remaining constitutional challenges raised by the *Comstock* respondents. *See United States v. Comstock*, 130 S. Ct. 1949, 1954 (2010). The *Comstock* cases remanded to us by the Supreme Court were argued *in seriatim* with the appeal in this case.

## II.

On appeal, the government contends that Judge Boyle should have declined to exercise jurisdiction over Timms' habeas petition because Timms had an available, alternative avenue to raise his claims before Judge Britt in the pending Commitment Action. In response, Timms asserts that Judge Boyle had plenary power under 28 U.S.C.A. § 2241 to review his detention and was not required to defer to the Commitment Action.

---

[4]Specifically, Judge Boyle held (1) that § 4248, while nominally civil, is a criminal proceeding and, therefore, violates the Due Process Clause, the Ex Post Facto Clause, the Double Jeopardy Clause, and the Sixth Amendment right to a jury trial; (2) that § 4248 is facially invalid under the Procedural Due Process Clause because it allows civil commitment based upon a finding of past acts under a "clear and convincing evidence" standard, rather than under the "beyond a reasonable doubt" standard; (3) that § 4247 is overbroad and vague in its use of the term "sexually violent conduct"; and (4) that § 4248 violates Timms' procedural due process rights as applied because he was not afforded a "probable cause" determination for his initial detention and a speedy, final determination of sexual dangerousness.

For the reasons that follow, we hold that Timms should have exhausted his alternative remedies in the Commitment Action before availing himself of habeas review under § 2241. Accordingly, we vacate the district court's grant of habeas relief and remand with directions to dismiss the habeas petition without prejudice.

A.

Under 28 U.S.C.A. § 2241, federal district courts are granted broad authority, "within their respective jurisdictions," 18 U.S.C.A. § 2241(a), to hear applications for writs of habeas corpus filed by persons claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." *Id.*; *see Rasul v. Bush*, 542 U.S. 466, 473 (2004); *id.* at 483-84 (noting that "[s]ection 2241, by its terms, requires nothing more" than "the District Court's jurisdiction over petitioners' custodians"). However, it has long been established that the district court's discretion to entertain habeas petitions and exercise the power of the writ is not boundless. "[P]rudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation and internal quotation marks omitted); *see also Boumediene v. Bush*, 128 S. Ct. 2229, 2274 (2008) (noting that there may be "prudential barriers to habeas corpus review" even where "there is no jurisdictional bar"); *Francis v. Henderson*, 425 U.S. 536, 539 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."). "The principle that a habeas court is not bound in every case to issue the writ follows from the precatory language of the habeas statute, and from its common-law origins." *Munaf*, 553 U.S. at 693 (internal quotation marks and citation omitted). Section 2241(a) "provides only that a writ of habeas corpus '*may* be granted,'" *id.* (quoting 28 U.S.C.A. § 2241(a)), and

Section 2243 "directs federal courts to 'dispose of habeas petitions as law and justice require,'" *id.* (quoting 28 U.S.C.A. § 2243 (West 2006) (alteration omitted)).

Accordingly, "even where a habeas court has the power to issue the writ," the question remains "whether . . . that power ought to be exercised." *Munaf*, 553 U.S. at 693 (internal quotation marks and alteration omitted); *see Francis*, 425 U.S. at 539. As a general rule, in the absence of "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent," *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts "require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Boumediene*, 128 S. Ct. at 2274. While habeas corpus is "always available to safeguard the fundamental rights of persons wrongly incarcerated," it "is the avenue of last resort." *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983) (noting that "habeas corpus traditionally has been accepted as the proper vehicle to challenge the constitutionality of an order of imprisonment from which there is no route of appeal").[5]

In *Stack v. Boyle*, 342 U.S. 1 (1951), for example, the Supreme Court applied the rule of exhaustion and rejected a petitioner's habeas corpus challenge to a district court's bail decision as violative of the Eighth Amendment. Although noting that "habeas corpus is an appropriate remedy for one held

---

[5]In the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before we conduct habeas review of the detention. *See Boumediene v. Bush*, 128 S. Ct. 2229, 2274 (2008) (noting that federalism concerns are involved in the rule of exhaustion applied to prisoners in state custody). Although these concerns of federalism and comity are not raised in challenges to federal detention, the general rule of exhaustion has been extended to federal detainees as well. *See Boumediene*, 128 S. Ct. at 2274; *see also Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994) (noting that "[i]mportant considerations of federal court efficiency and administration require that the same rule [of exhaustion] be applied [to claims raised by] a federal pretrial detainee").

in custody in violation of the Constitution," *id.* at 6, the Court held that district courts "should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted," *id.* at 6-7. Similarly, in *Archuleta v. Hedrick*, 365 F.3d 644 (8th Cir. 2004), the court was presented with a § 2241 petition for a writ of habeas corpus filed by a petitioner who had been civilly committed under 18 U.S.C.A. § 4243. Noting that "habeas corpus is an extraordinary remedy typically available only when the petitioner has no other remedy," *id.* at 648 (internal quotation marks omitted), and that the civil commitment statutes provided a procedure for the remedy sought, the court remanded the petition with directions that it be transferred to the district court that entered the order of commitment, *see id.* at 649; *see also Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002) (noting, in context of an immigration matter, that "[d]istrict courts retain jurisdiction under 28 U.S.C. § 2241 when the petitioner has no other remedy" and affirming dismissal of § 2241 habeas claim where there existed another statutory remedy to raise the challenge); *Cole v. Spear*, 747 F.2d 217, 220-21 (4th Cir. 1984) (en banc) (holding that district court should have declined to exercise jurisdiction over habeas action where petitioner, who sought separation from military service as a conscientious objector, failed to exhaust her remedies under the military system of justice); *Martin-Trigona*, 702 F.2d at 388-89 (holding that the district court improvidently granted habeas corpus relief to petitioner who had been imprisoned by the bankruptcy court for civil contempt and opted to seek habeas relief instead of review by appeal in the bankruptcy proceeding).

## B.

Applying these principles to the case at bar, we hold that Timms clearly failed to exhaust his alternative remedies prior to filing his petition seeking federal habeas relief.

The government initiated the Commitment Action against Timms prior to the expiration of his prison sentence, but the

action was immediately placed in abeyance by Judge Britt pending the appeal of his decision in *Comstock*. Instead of challenging his continued detention in this pending Commitment Action, Timms filed and pursued a habeas action under § 2241, seeking his release (as scheduled) on the basis that § 4248 is facially unconstitutional and, later, on the basis that he should be given "the hearing to which he [was statutorily] entitled under Section 4248(a)" to determine his sexual dangerousness notwithstanding the outcome of the *Comstock* appeals. J.A. 71. Timms, however, was at all times free in the Commitment Action to raise his constitutional challenges to § 4248 (as the respondents did in the *Comstock* litigation), and to request that the district court proceed with the statutorily-mandated evidentiary hearing under § 4248, in the Commitment Action. He did not do so.

The only arguable obstacle to Timms' ability to pursue such relief was the *sua sponte* abeyance order issued by Judge Britt. However, while Timms often complained of the delay in the Commitment Action, it appears that he did so only *in the habeas action*. There is no indication that Timms ever asked Judge Britt to reconsider the *sua sponte* abeyance order, nor did he seek relief from the abeyance order in this court.

For his part, Timms does not seriously contend that he exhausted his remedies in the Commitment Action, or that he would not be able to do so now. Instead, relying upon the Supreme Court's decision in *Boumediene*, he argues that the unreviewed executive detention by the BOP and undue delay in the Commitment Action should except his case from the normal rule of exhaustion. *See Boumediene*, 128 S. Ct. at 2275-76. We disagree. Although we are sympathetic to Timms' frustration with the delay in the Commitment Action and his continued confinement pending the appeals in *Comstock*, this delay simply does not rise to the level of an "exceptional circumstance" warranting the exercise of habeas jurisdiction. Timms could have proceeded in the Commitment Action, but, for whatever reason, chose not to do so.

In *Boumediene*, the government detained enemy comba-
tants at Guantanamo Bay for up to six years "without the judi-
cial oversight that habeas corpus or an adequate substitute
demands." *Id.* at 2275. Given the extended delay that had
already transpired and the lack of probability that an Article
III court "could complete a prompt review of [the detainees']
applications," the Supreme Court held that it would not
require the "exhaustion of alternative remedies." *Id.*

Here, in contrast, the government has not detained Timms
in its custody pursuant to an administrative scheme similar to
the military procedure in *Boumediene*, nor has the govern-
ment detained Timms while depriving him of judicial over-
sight. On the contrary, the government filed the Commitment
Action in the district court pursuant to § 4248 *seeking* judicial
review, which the Supreme Court has now ruled was within
Congress's authority to enact "as necessary and proper for
carrying into Execution the powers vested by the Constitution
in the Government of the United States," *Comstock*, 130 S.
Ct. at 1954 (internal quotation marks omitted). In accordance
with the statute, the government requested that counsel be
appointed to represent Timms, that a psychiatric or psycho-
logical examination be performed, *and* that the district court
schedule the evidentiary hearing required under § 4248(a).
The *delay* in the judicial review of the Timms' detention has
not resulted from the actions of the BOP or an administrative
review process. Rather, the delay has resulted from the district
court's unopposed and unchallenged order placing the Com-
mitment Action in abeyance pending the outcome of the
appeals in *Comstock*.

Finally, and unlike in the case of *Boumediene*, we have no
reason to doubt that the district court will now promptly
review Timms' detention under § 4248, in the Commitment
Action. In fact, the government filed a motion seeking such
review in April 2010. Timms remains free to seek relief from
the order of abeyance in the Commitment Action, raise his
constitutional challenges, and request that an evidentiary hear-

ing on the issue of his sexual dangerousness proceed as soon as possible notwithstanding the constitutional challenges raised in *Comstock* or otherwise.[6] And, of course, he may seek appropriate review in this court from any adverse decision by the district court in that action.

## III.

Because Timms has failed to exhaust the alternative remedies available for review of his detention in the pending Commitment Action and has failed to demonstrate exceptional circumstances sufficient to excuse his failure, the district court should have refrained from exercising jurisdiction over Timms' habeas petition. Accordingly, we vacate the district court's order granting habeas relief and ordering Timms' immediate release, and remand to the district court with instructions to dismiss the habeas petition without prejudice. The proper procedure is for Timms to challenge his certification and detention under § 4248 in the Commitment Action and to pursue the normal avenues of appellate review if he is aggrieved thereby.[7]

---

[6]After the Supreme Court issued its decision in *Comstock*, Judge Britt entered an order denying motions to dismiss filed in January 2009 by at least eighteen similar detainees based upon our decision in *Comstock*. Judge Britt also lifted the abeyance orders to allow the detainees to proceed with any additional constitutional challenges to § 4248 and/or with § 4248 evidentiary hearings. *See*, *e.g.*, *United States v. Riedel*, No. 5:08-HC-2155-BR (E.D.N.C. June 14, 2010). Due to the grant of habeas relief to Timms and our stay in this case, Judge Britt took no further action in the Commitment Action filed against Timms. It appears that Timms' Commitment Action has now been reassigned from Judge Britt to Judge Boyle for further proceedings.

[7]We express no opinion as to the propriety of the abeyance order when it was issued in the Commitment Action, nor do we express an opinion as to whether the district court should have granted a request to conduct a § 4248(a) evidentiary hearing during the pendency of the *Comstock* appeal had such a request been made. The Commitment Action, and those issues,

*VACATED AND REMANDED WITH INSTRUCTIONS*

---

are not before us. In light of our determination that Timms had an adequate remedy before an Article III court to both legally and factually contest his detention under § 4248, it is also unnecessary for us to address the government's argument that Timms would have to exhaust administrative remedies with the BOP prior to seeking relief from detention through habeas corpus.