**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-7547**

_____

BRIAN L. BROWN,

                Petitioner - Appellant,

        v.

JOEL ZEIGLER,

                Respondent - Appellee.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Irene C. Berger,
District Judge. (5:12-cv-01178)

_____

Submitted: January 31, 2014       Decided: February 12, 2014

_____

Before MOTZ, AGEE, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Brian L. Brown, Appellant Pro Se.   Stephen Michael Horn,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian L. Brown appeals the district court's order adopting the recommendation of the magistrate judge, granting the Defendant's motion to dismiss or for summary judgment, and denying relief on Brown's 28 U.S.C. § 2241 (2012) petition. Brown also appeals the district court's post-judgment order, which, upon review of Brown's motions for reconsideration, reaffirmed the judgment order.[1] We affirm both orders.

We review de novo the district court's initial order. Yi v. Fed. Bureau of Prisons, 412 F.3d 526, 530 (4th Cir. 2005) (§ 2241 standard of renew); Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013) (summary judgment standard of review). The district court read Brown's petition to allege constitutional violations relating only to the conditions of his confinement at FCI-Beckley. Believing that such claims were more properly brought in a Bivens[2] action, the court then construed Brown's petition as such and denied relief for failure to exhaust

---

[1] Brown's post-judgment motions, filed within twenty-eight days of the district court's dismissal order, tolled the time to appeal. Fed. R. App. P. 4(a)(4)(A)(vi). Thus, Brown's notice of appeal, filed within thirty days of the denial of his motions for reconsideration, was timely as to both the district court's order denying the reconsideration motions and the dismissal order. See id.; MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 278-79 (4th Cir. 2008).

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

available administrative remedies. Regardless of whether Brown's action was properly brought pursuant to Bivens or Section 2241, administrative exhaustion was required. See Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010) (explaining that exhaustion is required before a habeas action may be brought, at least in the absence of exceptional circumstances); 42 U.S.C. § 1997e(a) (requiring a prisoner to exhaust administrative remedies before filing any suit challenging the conditions of confinement). We agree with the district court that Brown did not fulfill this basic requirement here. In addition, the district court did not abuse its discretion in denying Rule 60(b) relief, after considering Brown's untimely objections to the recommendation of the magistrate judge. See MLC Auto., 532 F.3d at 277 (Rule 60(b) standard of review).

We therefore affirm the rulings below. We deny Brown's motion to suspend the proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3