**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-7709**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

JEROME VANCE,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:11-cr-00074-RBH-1)

_____

Submitted:  March 27, 2014          Decided:  March 31, 2014

_____

Before MOTZ, Circuit Judge, and HAMILTON and DAVIS, Senior
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jerome Vance, Appellant Pro Se. Alfred William Walker Bethea,
Jr., Assistant United States Attorney, Florence, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Vance appeals the district court's text order denying his motion to correct a sentencing error. On appeal, Vance asserts that the district court erred in denying his motion because he was promised at sentencing credit for pretrial incarceration. Vance claims that the Bureau of Prisons ("BOP") miscalculated his credit for pretrial detention and requests a correction. Finding no error, we affirm.

"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . ." 18 U.S.C. § 3585(b) (2012). Section 3585(b), however, does not permit a district court to determine credit at sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992). Rather, only the Attorney General, acting through the BOP, may compute sentencing credit. Id. at 334-35. A prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (2012), in the district of his confinement following exhaustion of available administrative remedies. See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010); see also Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (concluding that, absent exceptional circumstances,

2

prisoners must exhaust alternative remedies before seeking federal habeas relief).

Vance has presented no evidence that he has exhausted his administrative remedies, and we ascertain no error in the district court's denial of relief. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED