# United States Court of Appeals
## For the First Circuit

No. 23-1722

JOEL ANTHONY COCKERHAM,

Petitioner, Appellant,

v.

AMY BONCHER,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Allison D. Burroughs, U.S. District Judge]

Before

Barron, Chief Judge,
Kayatta and Aframe, Circuit Judges.

Sydney Strickland for appellant, Joel Anthony Cockerham.
Thomas E. Kanwit, Assistant U.S. Attorney, with whom Joshua
S. Levy, Acting U.S. Attorney, was on brief, for appellee, Amy
Boncher.

December 27, 2024

**BARRON**, **Chief Judge**.  This appeal concerns the relationship between the federal habeas remedy set forth in 28 U.S.C. § 2241 and two provisions that govern federal civil commitment, 18 U.S.C. § 4243 and § 4247.  We affirm the ruling below that the habeas petitioner here, Joel Cockerham, who is confined at a federal facility in Massachusetts after being civilly committed pursuant to § 4243 by a federal district court in the Northern District of Mississippi, cannot raise in his habeas petition a claim for discharge under that section.  But we vacate and remand the District Court's ruling that Cockerham cannot amend his petition to bring what we conclude are the distinct claims he seeks to bring challenging the suitability of the facility in which he is confined.

## I.

Before tracing the procedural history of Cockerham's case, it is useful first to describe the underlying statutes that bear on it.  Those include not only the relevant federal habeas statute, 28 U.S.C. § 2241, but also the statutory provisions that govern federal civil commitment of persons who are found not guilty by reason of insanity, 18 U.S.C. § 4243 and § 4247.

### A.

The relevant federal habeas measure is 28 U.S.C. § 2241, in which Congress set forth the federal courts' power to grant writs of habeas corpus "within their respective jurisdictions."

28 U.S.C. § 2241(a). Section 2241 provides the standard habeas remedy for individuals detained in violation of federal law, Wallace v. Reno, 194 F.3d 279, 284 (1st Cir. 1999), and can be used, among other things, to challenge the "manner of execution" of a federal sentence, Muniz v. Sabol, 517 F.3d 29, 33-34 (1st Cir. 2008); see also Rogers v. United States, 180 F.3d 349, 356-57 (1st Cir. 1999).

As for the civil commitment measures, § 4243 of title 18 governs the civil commitment of a person found not guilty of a federal criminal charge by reason of insanity. Under that provision, a person found not guilty on that basis is "committed to a suitable facility until such time as he is eligible for release" under the statute. 18 U.S.C. § 4243(a). An initial hearing must be held, at which the court in which the person was found not guilty by reason of insanity must determine whether, "due to a present mental disease or defect," that person's "release" would "create a substantial risk of bodily injury to another person or serious damage of property of another." Id. § 4243(c)-(e). If that court finds that such a danger exists, then "the court shall commit the person to the custody of the Attorney General," who "shall hospitalize the person for treatment in a suitable facility," until either the state in which the person was domiciled or tried "will assume responsibility for his custody, care, and treatment," or until his "mental condition is such that

- 3 -

his release, or his conditional release . . . would not create a substantial risk of bodily injury to another person or serious damage to property of another." Id. § 4243(e).

Subsection (f) of § 4243 governs "[d]ischarge" from the civil commitment described in that section. Id. § 4243(f). It provides that when the director of the facility in which the person is hospitalized determines that release would no longer pose the specified risk, the director must "promptly file a certificate to that effect with the clerk of the court that ordered the commitment." Id. The court that ordered the commitment must then "order the [person's] discharge" or "hold a hearing . . . to determine whether [that person] should be released." Id. Any such hearing must be conducted pursuant to the same requirements as the initial commitment hearing, which include representation by counsel, a right to testify, to present evidence, and to subpoena and cross-examine witnesses. Id. §§ 4243(f), 4247(d). If the court finds after the hearing that the person's "release," with or without conditions, "would no longer create a substantial risk of bodily injury to another person or serious damage to property of another," the court "shall order" the person's "discharge[]," either conditionally "under a prescribed regimen of medical, psychiatric, or psychological care or treatment," or unconditionally. Id. § 4243(f).

- 4 -

Section 4243(f) is not the only provision that governs "[d]ischarge," however. There is also § 4247(h) of title 18. Section 4247 sets forth "[g]eneral provisions" applicable to all forms of federal civil commitment. Subsection (h), like § 4243(f), is titled "[d]ischarge." And it supplements that provision by providing,

> Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to . . . section 4243[(f)], counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed.

Id. § 4247(h).

There is one further provision that is relevant to this appeal: subsection (g) of § 4247. Titled "[h]abeas corpus unimpaired," § 4247(g) provides that "[n]othing contained in section 4243 . . . precludes a person who is committed under . . . such section[] from establishing by writ of habeas corpus the illegality of his detention." Id. § 4247(g).

**B.**

With that background in place, we now rehearse how Cockerham's case implicating the statutes just described comes to us. In 2006, the District Court for the Northern District of Mississippi found Cockerham not guilty by reason of insanity on

- 5 -

federal obstruction of justice charges brought under 18 U.S.C. § 1503.  Pursuant to § 4243, that court then ordered that Cockerham undergo a psychological evaluation.  See id. § 4243(b).

The psychologist testified that Cockerham's release "would probably not create a substantial risk of bodily injury to others provided he is medication-compliant and abstains from the use of alcohol and illicit drugs," but determined that he would need close supervision to ensure such compliance.  The District Court for the Northern District of Mississippi ordered Cockerham committed to the custody of the U.S. Bureau of Prisons (BOP) "for the specific purpose of attempting to formulate a workable plan of conditional release."  The BOP placed Cockerham at the Federal Medical Center in Devens, Massachusetts ("FMC Devens").

In 2008, the District Court for the Northern District of Mississippi ordered Cockerham conditionally released to a group home; however, in 2010, Cockerham was again taken into custody based on a threatening statement that he allegedly made regarding two individuals at the group home.  A psychological assessment concluded that Cockerham "continues to suffer from serious mental illness or defects, but does not present a substantial or imminent threat of harm to himself or others," and recommended a "period of inpatient care with the Court considering outpatient commitment upon discharge."

The District Court for the Northern District of Mississippi ordered Cockerham committed to a "suitable facility" and instructed the director of the facility to file notice with the court when Cockerham was "no longer in need of custody for care or treatment in said facility." Cockerham was again confined at FMC Devens.

Between 2010 and Cockerham's filing in July 2022 of the habeas petition that is before us on appeal, the warden at FMC Devens filed periodic reports with the United States District Court for the Northern District of Mississippi reporting on Cockerham's mental condition.[1] In nine out of the eleven reports filed over that period, the warden recommended Cockerham for conditional release. No action was taken by the District Court for the Northern District of Mississippi in response to these reports.

On several occasions, Cockerham filed pro se motions with the District Court for the Northern District of Mississippi, seeking appointment of counsel and other relief. The court denied these motions, most recently in October 2020, finding only that Cockerham's "requests are not well-taken."

---

[1] 42 U.S.C. § 4247(e) requires the "director of the facility in which a person is committed" to submit "annual reports concerning th[at person's] mental condition" and "containing recommendations concerning the need for [that person's] continued commitment." The reports in this case were filed on roughly an annual basis.

In July 2022, Cockerham filed a habeas petition pursuant to § 2241 in the District Court for the District of Massachusetts, given that he was being confined in Massachusetts and not in the Northern District of Mississippi, the district in which he was committed. The petitioner named as the respondent the warden of FMC Devens, Amy Boncher.

Cockerham's petition explained that he was challenging the "[v]alidity of [his] commitment and [his] excessive incarceration," and that he was seeking "'nonconditional release' back into society," as well as compensation from "all parties involved" for the "substantial physical and mental damage" he suffered.[2] Boncher filed a motion to dismiss, arguing that Cockerham's § 2241 petition should be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

Cockerham was appointed counsel by the District Court, and the appointed counsel opposed the motion to dismiss. Cockerham subsequently filed a motion to amend his petition. In his proposed amended petition, Cockerham claimed that he was challenging

> the conditions of his confinement, specifically "the outrageous time" being held in a prison, which is not the least restrictive alternative, thereby constituting "excessive incarceration." Stated otherwise, Mr. Cockerham challenges the manner of

---

[2] The District Court issued an order indicating that it would not consider any claim for damages as damages are not available in a habeas action. This claim is not at issue on appeal.

execution of his civil commitment.

As relief, the proposed amended petition sought an order directing Cockerham's "conditional release to a residential hospital facility."

In his proposed amended petition, Cockerham raised two bases for the relief sought. First, he alleged that his confinement at FMC Devens is unlawful because "FMC Devens is not a 'suitable facility' within the meaning of 18 U.S.C. § 4247(a)(2)." This is so, he claimed, because FMC Devens "is overly restrictive relative to [his] mental health condition" in that it is a "prison environment" where he has "received minimal and largely ineffective treatment." He further contended that "[p]rison psychologists have repeatedly recommended a less restrictive and more therapeutic setting." As an alternate basis for the relief, Cockerham alleged that his "[c]ontinued, indefinite, interminable confinement . . . in a penal setting" violates his due-process rights because "[t]here is no overwhelming governmental interest which justifies" the government's failure to "treat[] [him] humanely in the least restrictive setting possible."

Boncher opposed Cockerham's motion to amend. The District Court granted the motion to dismiss and denied Cockerham's motion to amend. The District Court reasoned that it lacked jurisdiction over Cockerham's § 2241 petition on the ground that

he should have sought relief from the committing court -- here, the District Court for the Northern District of Mississippi -- pursuant to 18 U.S.C. § 4247(h). The District Court further concluded that amendment of the petition would be futile because the amended petition likewise "seeks relief from confinement," and therefore "the Northern District of Mississippi is the proper court to hear Petitioner's claims." Cockerham timely filed this appeal.

## II.

We begin with Cockerham's challenge to the District Court's determination that his original § 2241 petition must be dismissed for lack of jurisdiction because 18 U.S.C. § 4247(h) provides the very relief that he seeks. Our review is do novo. González-Cancel v. Partido Nuevo Progresista, 696 F.3d 115, 118 (1st Cir. 2012).

## A.

Nothing in § 4247(h) speaks expressly to jurisdiction. The government also cites to no authority that establishes that the existence of an alternative remedy to the relief sought by a habeas petitioner in and of itself strips a federal court of its jurisdiction to hear a habeas petition. Moreover, in the context of administrative exhaustion, the Supreme Court of the United States has expressly treated the availability of an alternative remedy as sometimes providing a "prudential reason[]" not to permit

- 10 -

a detainee to seek habeas relief without suggesting that the availability of such a remedy establishes a jurisdictional bar to consideration of a § 2241 petition for habeas relief. See Boumediene v. Bush, 553 U.S. 723, 793 (2008) (considering, "[i]n light of [its] conclusion that there is no jurisdictional bar . . . whether there are prudential barriers to habeas corpus review," and observing that "for prudential reasons th[e] Court has required exhaustion of alternative remedies before a prisoner can seek federal habeas relief"); cf. Timms v. Johns, 627 F.3d 525, 530-32 (4th Cir. 2010) (relying on "[p]rudential concerns" to conclude that a habeas remedy was not appropriate where petitioner, a civilly committed person, had not exhausted his alternative remedies (quoting Munaf v. Geren, 553 U.S. 674, 693 (2008))).

Nonetheless, we need not resolve the jurisdictional question here. And that is so because we conclude that, reviewing de novo, Hernandez-Lara v. Lyons, 10 F.4th 19, 26 (1st Cir. 2021), Cockerham's petition fails on the merits for precisely the same reasons that the District Court dismissed it on jurisdictional grounds, see Restoration Pres. Masonry, Inc. v. Grove Eur. Ltd., 325 F.3d 54, 59-60 (1st Cir. 2003) (applying the rule that a court may bypass difficult jurisdictional questions so long as those questions implicate only statutory, rather than Article III, jurisdiction); see also Francis v. Maloney, 798 F.3d 33, 36 (1st

- 11 -

Cir. 2015) (reviewing court may affirm dismissal of a habeas petition on any basis apparent in the record).

**B.**

Cockerham's original § 2241 petition challenges the validity of his ongoing civil commitment and seeks his "'nonconditional release' back into society." In seeking to have his "commitment lifted," Cockerham's original petition does not assert a specific basis for relief. The District Court, however, concluded that § 4247(h) provides a mechanism by which Cockerham could assert those claims.[3]

On appeal, Cockerham neither contends that his claims could not be raised in a § 4247(h) hearing, nor that those claims assert any basis for relief other than the provisions of § 4243 that govern a person's eligibility for "discharge." See 18 U.S.C.

---

[3] In reaching this conclusion and in citing Archuleta v. Hedrick, 365 F.3d 644 (8th Cir. 2004), the District Court appears to have understood Cockerham's original petition to be invoking a statutory entitlement to unconditional release under the standards set forth in § 4243. See id. at 648-49 (explaining that, to the extent petitioner "alleges that he meets the standards for conditional or unconditional release under 18 U.S.C. § 4243," such "statutory relief" may, by virtue of § 4247(h), be granted only by the committing court (emphasis added)). Cockerham does not contend on appeal that his original petition should be understood as raising any other basis for relief, or that such claims cannot be raised in a § 4247(h) hearing. We thus proceed on the understanding that the only claim at issue with respect to Cockerham's appeal of the District Court's dismissal of his original petition is the statutory claim that Cockerham's continued commitment is unlawful under the standards set forth in § 4243.

§ 4243(f). Thus, to the extent that Cockerham asserts such a statutory entitlement under § 4243 to an unconditional "discharge," Congress plainly established in § 4247(h) a statutory mechanism by which a civilly committed person may raise such a claim in the committing court. See id. § 4247(h) (providing that, regardless of whether the director of a facility has certified a person's eligibility for release, that person may, "at any time during [their] commitment, file . . . a motion for a hearing to determine whether the person should be discharged").

In the usual case, the fact that Congress has set up a specific "mechanism" to "deal with [such claims]" suggests that "federal courts should refrain from entertaining" a habeas petition raising those very issues, at least until the statutory mechanism has run its course. Boumediene, 553 U.S. at 795. And Cockerham has not advanced any argument on appeal that the mechanism created by § 4247(h) for obtaining a "discharge" under the standards set forth in § 4243 is not reasonably available to him or that pursuing relief under that provision would be futile.[4]

---

[4] Cockerham argues for the first time in his reply brief that the failure of the District Court for the Northern District of Mississippi to construe his pro se motions to that court as a request for a hearing pursuant to § 4247(h) or to appoint him counsel, as requested, evinces that court's inadequate response to his attempt to raise his claims first in that forum. Because Cockerham did not press this argument to the District Court, nor in his opening brief, we reach no conclusion as to the impact, if any, of those prior motions on the appropriateness of a habeas remedy in this case. See Sparkle Hill, Inc. v. Interstate Mat

Thus, just as the Supreme Court in Boumediene reasoned that prudential considerations weigh against the exercise of a federal court's habeas power under § 2241 when an alternative but unexhausted remedy is readily available to the petitioner, so, too, in this case, prudential considerations caution against granting Cockerham habeas relief given the statutory mechanism Congress put in place at § 4247(h) to address § 4243 discharge claims. See id. at 793-95 (reasoning that Guantanamo detainees would normally be required to rely on "alternative processes" -- specifically, an appeal of their combatant-status determinations to the Court of Appeals -- before seeking a writ of habeas corpus); see also Stack v. Boyle, 342 U.S. 1, 6-7 (1951) (concluding that "the District Court should withhold relief in [a] collateral habeas corpus action where an adequate remedy [for petitioner's allegedly excessive bail is] available in the criminal proceeding [and] has not been exhausted").

This conclusion accords with the rulings of sister Circuits. In Archuleta v. Hedrick, 365 F.3d 644 (8th Cir. 2004), for example, the Eighth Circuit considered a § 2241 petition

Corp., 788 F.3d 25, 29 (1st Cir. 2015); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Nonetheless, given that we vacate and remand this case for further consideration by the District Court, we note that Cockerham is not barred on remand from making an argument concerning the adequacy of the District Court for the Northern District of Mississippi's response, nor do we opine on whether mandamus relief may be available to him on that basis in the Fifth Circuit.

- 14 -

brought by a person civilly committed under § 4243. Archuleta asserted that his continued commitment violated § 4243 because he met the standard for release under the statute. Id. at 647-48. The Eighth Circuit reasoned that habeas relief was not appropriate in that case because § 4247(h) "expressly provide[s] a procedure for the remedy [petitioner] seeks." Id. at 648. Likewise, the Fourth Circuit in Timms v. Johns dismissed a § 2241 petition brought by a person committed under a similar civil commitment scheme because it reasoned that the petitioner "was at all times free" to raise his various claims in his ongoing commitment action. 627 F.3d at 532-33; see also id. at 533 ("Because Timms has failed to exhaust the alternative remedies available for review of his detention in the pending Commitment Action and has failed to demonstrate exceptional circumstances sufficient to excuse his failure, the district court should have refrained from exercising jurisdiction over Timms' habeas petition.").

### C.

Cockerham does assert in response that a civilly committed person may always seek habeas relief under § 2241, regardless of whether § 4247(h) is directed towards addressing the very type of claim that he raises, and regardless of whether any attempt has been made to first seek relief under that provision. He relies for this contention on § 4247(g), which is titled "[h]abeas corpus unimpaired" and expressly provides that a person

- 15 -

civilly committed under § 4243 may "establish[] by writ of habeas corpus the illegality of his detention."

Cockerham's contention is that, even for claims that § 4247(h) was plainly designed to address, § 4247(g) entitles him to bypass § 4247(h) altogether in favor of a habeas remedy, without making any showing that § 4247(h) is inadequate to address his claim. He argues that this is so because the alternative conclusion would "render § 4247(g) superfluous."

But that is not so. A civilly committed person remains free to raise in a habeas petition claims of illegality other than those that § 4247(h) was put in place to address.[5] And, although Cockerham is right to point out that the inclusion of § 4247(g)

---

[5] We have no occasion to determine whether any claim -- even one seeking release -- other than a claim asserting a statutory entitlement to release under § 4243 may, or must, be brought under § 4247(h). See, e.g., Archuleta, 365 F.3d at 648 (concluding that petitioner's claim that his confinement is unlawful because "the statute pursuant to which he was committed is unconstitutional," may be brought in a § 2241 habeas petition, unlike a claim for release under § 4243). However, we note that Congress's decision to include § 4247(g), while not enough to allow Cockerham to bypass § 4247(h) when raising the very type of claim that provision is designed to address, would nonetheless appear to caution against an interpretation of the two provisions that would effectively preclude a person from raising any claims -- or even most claims -- in a habeas proceeding. Indeed, such a conclusion would raise concerns that the narrow conclusion we reach today does not raise about nullifying congressional intent with respect to § 4247(g). After all, Cockerham is right to point out that it is atypical that Congress expressly preserves habeas, especially given that only an "unmistakably clear statement" could do away with such relief. Boumediene v. Bush 553 U.S. 723, 738 (2008) (quoting Hamdan v. Rumsfeld, 548 U.S. 557, 575 (2006)).

- 16 -

distinguishes this statutory scheme from other instances in which courts have concluded that the existence of an alternative remedy precludes a person from seeking habeas relief, he does not explain why this distinction alone would require us to infer from § 4247(g) that a civilly committed person may bypass § 4247(h) altogether.

Cockerham may mean to argue that he must have such a statutory entitlement to bypass § 4247(h), because otherwise his habeas right would be "impaired" under § 4247(g). But insofar as he means to advance this text-based argument, he does not explain how a person's habeas right would be impaired short of a suspension of the writ. And, given Boumediene, we do not see how precluding Cockerham from simply bypassing altogether the mechanism Congress put in place at § 4247(h) to address statutory claims for "discharge" under § 4243 -- when he is asserting just such a claim -- would amount to a suspension of the writ. See 553 U.S. at 795.

For the same reason, we also do not find persuasive Cockerham's invocation of cases setting forth the standard for a congressional suspension of the writ. We are addressing here only whether Cockerham may bypass the alternative remedy that Congress expressly set forth for certain types of claims, not whether habeas would be unavailable even if that remedy proved inadequate or otherwise unavailable.

- 17 -

**III.**

Cockerham separately argues that the District Court erred in denying his motion to amend his original § 2241 petition. The District Court did so on the ground that amendment would be futile because Cockerham's proposed amended petition, like his original petition, "ultimately seeks relief from confinement," and thus amendment "would not change the Court's determination that the Northern District of Mississippi is the proper court to hear Petitioner's claims." We disagree with this characterization of Cockerham's proposed amended petition and, as we will explain, for that reason, vacate and remand, so that his motion for leave to amend may be addressed in a manner consistent with this decision.

**A.**

The proposed amended petition is expressly styled as a challenge to the "manner of execution of [Cockerham's] civil commitment" and to the "conditions of his confinement," rather than a bare claim for "discharge" under the statute. Thus, in setting forth his statutory claim, Cockerham's proposed amended petition specifically invokes the Attorney General's statutory obligation under 18 U.S.C. § 4243(e) to "hospitalize the [civilly committed] person for treatment in a <u>suitable facility</u>." 18 U.S.C. § 4243(e) (emphasis added); <u>see also</u> <u>id.</u> § 4247(a)(2) (defining "suitable facility" as "a facility that is suitable to provide care or treatment given the nature of the offense and the

- 18 -

characteristics of the defendant"); id. § 4247(i)(C) (obligating the Attorney General, "before placing a person in a facility pursuant to [§ 4243]," to "consider the suitability of the facility's rehabilitation programs in meeting [that person's] needs"); see also, e.g., Garcia v. Spaulding, 324 F. Supp. 3d 228, 233 (D. Mass. 2018) (entertaining a § 2241 petition based on an alleged failure to satisfy the statutory "suitable facility" requirement). The proposed amended petition alleges that Cockerham's confinement at FMC Devens violates this statutory requirement because FMC Devens is "overly restrictive relative to [his] mental health condition" and because his treatment there has been "minimal and largely ineffective." The proposed amended petition further points to the fact that FMC Devens is a "prison environment" as evidence that it is not a "suitable" facility in which to provide him with mental health care or treatment.

Likewise, in setting forth his due process claim, Cockerham's proposed amended petition again does not seek "discharge" from confinement. Rather, in that claim, he alleges only that the "years and years of incarceration" to which he has been subjected "also violates his fundamental rights . . . as guaranteed by the Fifth Amendment of the United States Constitution" because there is "no overwhelming governmental interest" in depriving him of his "right to be left alone, and if

- 19 -

not left alone, treated humanely in the <u>least restrictive setting</u> possible" (emphasis added).

Thus, we do not understand Cockerham to be seeking in his proposed amended petition the same relief sought in his original petition -- that is, "discharge" from confinement under § 4243. To the contrary, we understand him to be seeking placement in a "residential non-penal hospital setting where he would have more freedom tha[n] he has at FMC Devens" -- in other words, placement in a "suitable facility," or, as Cockerham puts it in due-process terms, placement in "the least restrictive setting possible." That this relief is distinct from "discharge" is further illustrated by the fact that § 4243 imposes a separate statutory requirement that a civilly committed person be confined in a "suitable facility," which applies in addition to the statutory provisions governing discharge. <u>Compare</u> 18 U.S.C. § 4243(d)-(f) (requiring discharge upon a finding that such person's release would not "create a substantial risk of bodily injury to another person or serious damage to property of another"), <u>with</u> <u>id.</u> § 4243(a) (requiring that a person "shall be committed to a suitable facility until such time as he is eligible for release").

In response, the government contends that Cockerham's proposed amended petition challenges "the length of his commitment" and that § 4247(h) plainly "applies with equal force"

to such a claim.  In that regard, the government emphasizes Cockerham's assertion that the "outrageous time" he has been "held in a prison, which is not the least restrictive alternative, [] constitute[s] 'excessive incarceration.'"

We do not understand Cockerham's proposed amended petition, however, to be claiming that his confinement must be ended due to its length.  Rather, we understand his proposed amended petition to be claiming that he has been unlawfully subject to "excessive incarceration" -- that is, he has been unlawfully confined in a <u>penal</u> setting rather than the "suitable facility" that § 4243 prescribes, or the "least restrictive setting possible" that he asserts the Due Process Clause requires.

**B.**

Of course, our understanding of the nature of these claims would not matter if amendment would be futile because the claims would have to be dismissed in any event.  But the District Court's sole basis for concluding that amendment would be futile is that dismissal of the amended claims would be required for exactly the same reasons that Cockerham's § 4243 discharge claim required dismissal.  Cockerham asserts, however, that the existence of § 4247(h) -- the measure that, for the reasons explained, warrants affirmance of the dismissal of his discharge claim -- does not itself render futile his effort to amend his petition to challenge the suitability of his place of confinement

- 21 -

under § 4243 and the Due Process Clause. He argues that is so because § 4247(h) "is not an available remedy for the complaint in the Amended Petition" -- namely, "assignment to a prison setting as opposed to a hospital or other similar facility."

The government does contend at points in its briefing to us that a challenge to the facility in which a person is confined must be brought in a § 4247(h) hearing. But elsewhere in its briefing the government asserts that "[r]equiring a person civilly committed to challenge the basis of that commitment, i.e., their continued dangerousness as a result of mental illness, via [] § 4247(h) would not prevent a person so committed from using a writ of habeas corpus to challenge conditions of their confinement other than the fundamental fact of the need for confinement" (emphasis added). Yet, as we have explained, Cockerham in these proposed claims challenges only the government's decision to confine him at FMC Devens, not the fundamental validity of his confinement vel non.

The government does attempt to square the circle by asserting that because § 4247(h) "includes the type of conditional release that [Cockerham] seeks," it necessarily encompasses the claims in his proposed amended petition. And, in that same vein, the government asserts -- albeit in a cursory manner -- that a "challenge to the place of confinement is inextricably intertwined with a determination of the need for confinement as both involve

- 22 -

a determination of the individual's dangerousness and the suitability of release either without conditions or with conditions."

It is not obvious to us, however, that the suitability claims Cockerham advances in his proposed amended petition -- whether stated in statutory or due-process terms -- could be raised in a § 4247(h) hearing, or, indeed, that those are the sorts of claims that § 4247(h) was designed to address. Cf. 18 U.S.C. § 4247(h) (providing an avenue to seek "discharge" that does not depend on whether the "director of the facility in which [that] person is committed has . . . certifi[ed] pursuant to [§ 4243(f)]" that the person no longer meets the statutory standard for commitment). Nor is it evident to us that such claims are "inextricably intertwined," as the government asserts, with the sort of claim that § 4247(h) is designed to address. See Garcia, 324 F. Supp. 3d at 235 ("When a patient seeks precisely what § 4247(h) provides -- discharge from civil commitment -- the proper venue would presumptively be the committing court. But where he attacks the manner of execution of his commitment without challenging the validity of his continued confinement, his claim properly sounds in habeas . . . .").

Thus, even if § 4247(h) is the proper mechanism by which to seek discharge under § 4243 (conditional or not), that fact does not resolve whether § 4247(h) also provides a forum for the

claims that Cockerham advances in his proposed amended petition. See, e.g., id. (reasoning that "[t]he fact that [petitioner] could challenge the validity of his commitment through § 4247(h) does not constitute an alternative avenue of relief when he does not seek to have his commitment declared invalid and then to be discharged, but rather seeks alternative placement to serve his valid commitment"). Nor is it difficult to see, as a practical matter, why a request for relief of that kind, unlike a challenge to the fact of continued commitment, might be properly addressed in a court other than the committing court, as would be the case here if Cockerham were permitted to proceed under § 2241.

Under § 4243(e), the committing court commits a person who meets the statutory dangerousness standard "to the custody of the Attorney General." 18 U.S.C. § 4243(e). It is the Attorney General, and not the committing court, under whose authority and at whose direction that person is assigned to a specific facility. Id. A challenge to that assignment -- whether under § 4243 or the Due Process Clause -- therefore "does not challenge the validity of [a] commitment [order] as issued by the committing court," but rather challenges "the execution of the commitment as implemented by the warden overseeing [that person's] confinement." Garcia, 324 F. Supp. 3d at 235.

Thus, insofar as the government is suggesting that Cockerham's claims cannot be brought under § 2241 because they

- 24 -

would then be heard in the district of confinement rather than the district in which the commitment was ordered, we do not see why this fact about where the claims would be heard requires the conclusion that they may not be so brought. Inasmuch as Cockerham's § 2241 petition "challenges the aspect of his commitment related to th[e] [District of Massachusetts]" -- that is, "the manner in which the BOP has chosen to carry out his commitment" -- there would not appear to be anything necessarily incongruous about such a claim being heard in the District of Massachusetts, given the nature of the claim itself.[6] Id. at 235-36.

---

[6] We note in this regard that, although the government disagrees with Cockerham's characterization of his proposed amended petition, it does not appear to dispute that, as a general matter, § 2241 is the appropriate vehicle by which to challenge the "manner of execution" of a person's confinement. See Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015) (§ 2241 is a proper vehicle "to contest one's imprisonment in a specific facility"); see also Muniz v. Sabol, 517 F.3d 29, 32 (1st Cir. 2008) (considering, in a § 2241 action, whether Bureau of Prisons (BOP) regulations delaying petitioner's transfer to a less restrictive facility violated a federal statute requiring, among other considerations, that BOP assign prisoners to an "appropriate and suitable" facility (quoting 18 U.S.C. § 3621(b))). Nor does the government appear to contest that a § 2241 petition, if properly brought, must be brought in the district in which a person is confined, regardless of the authority that ordered the confinement. See Thompson v. Barr, 959 F.3d 476, 491 (1st Cir. 2020) (citing Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004)); cf. Rasul v. Bush, 542 U.S. 466, 483-84 (2004) (explaining that "[s]ection 2241, by its terms, requires nothing more" than "the District Court's jurisdiction over petitioners' custodians"); Munaf v. Geren, 553 U.S. 674, 686 (2008) ("[A]ctual custody by the United States suffices for jurisdiction, even if that custody could be viewed as 'under . . . color of' another authority . . . ."

- 25 -

Nonetheless, the District Court did not clearly address whether a challenge of this sort is cognizable under § 4247(h), as the parties did not tee up that question cleanly for the District Court's consideration. We thus vacate and remand for the District Court to address this issue in the first instance. In doing so, though, we note one final point.

The government, in advancing its argument for affirming the denial of Cockerham's motion for leave to amend does frame many of its arguments as if there is a jurisdictional bar to the District Court considering Cockerham's claims. But, for the reasons discussed above, those arguments can also be understood as reasons for dismissing the petition on the merits. We thus need not -- and do not -- address whether the arguments the government advances are properly understood to concern the jurisdiction of the court to hear the petition or the merits of that petition. And, of course, there will be no need for the District Court to resolve that question on remand, even if it agrees that § 4247(h) bars Cockerham's claims, as it may then simply assume that there is jurisdiction and dismiss the petition on the merits, just as we have done in affirming the District Court's dismissal of the original petition.[7] And if the court finds that § 4247(h) does

_____

(second alteration in original)).

[7] Should the District Court determine that Cockerham's suitability challenge likewise must be brought under § 4247(h) in front of the committing court, we note that the District Court may

- 26 -

not bar his claim, there will be no jurisdictional impediment to hearing the § 2241 claim.

---

transfer Cockerham's petition to that court for consideration under that provision. See Archuleta, 365 F.3d at 649 (citing 28 U.S.C. § 1406(a)).